## LOMBARD v. ATWATER.

1. **Practice**: REVERSAL OF ORDER: WRIT OF POSSESSION. Where an order directing the issuance of a writ of possession is reversed on appeal, the Supreme Court will not, on the ground that the order was irregularly issued, direct that the party who has been removed should be restored to possession, irrespective of the question whether or not he is entitled to possession.

### *Appeal from Carroll District Court.*

### THURSDAY, SEPTEMBER 20.

THE plaintiff brought an action to set aside a tax deed to certain land of which he was in possession. Judgment was rendered against him, and in favor of the defendant for costs. No order was made in regard to possession. Afterward, and in vacation, the judge made an order that the clerk issue a writ of possession, which was done, and the writ was executed and the defendant put in possession. An appeal was taken to this court, and the order reversed, and the ordinary *procedendo* issued to the court below. The plaintiff filed in that court a motion to set aside the order and all proceedings under it, and for a writ of restitution to restore him to possession. The court sustained the motion so far as to set aside the order, but overruled it so far as it asked for a writ of restitution. The plaintiff appeals.

*O. H. Manning,* for appellant.

*Holmes & Reynolds,* for appellee.

ADAMS, J.—The order directing the issuance of a writ of possession was reversed by this court because it was irregular,

1. PRACTICE: reversal of order: writ of possession.

and not because the defendant was entitled to possession. The question as to whether he was entitled to possession had not been determined, and was not before us. We are now asked to hold that the plaintiff, having been removed upon a writ irregularly issued, should be restored to possession, irrespective of the question

as to whether he is entitled to possession. The plaintiff's argument is that the court should undo what it appears it did wrongfully. In support of this position our attention is called to section 3198 of the Code, which provides that " if by the decision of the Supreme Court the appellant becomes entitled to the restoration of any part of the money or property that was taken from him by means of a judgment or order, the Supreme Court, or the court below, may direct execution or writ of restitution to issue for the purpose of restoring to such appellant his property, or the value thereof." But, in our opinion, this section is not applicable. In the case at bar it has not been adjudged that the plaintiff was entitled to the restoration of the property, but simply that a process by which he had been deprived of it had been irregularly issued.

But it is claimed by the plaintiff that, inasmuch as he was in possession and irregularly removed, the presumption is that he is entitled to possession. Without determining whether this is so, it is sufficient to say that the presumption, if it exists, could not be entertained. If it could be it would be merely to support the plaintiff's right to possession, and would be subject to rebuttal, and the court would find itself in the position of trying as an original question the right of possession on a motion for an order for a writ of restitution. The right of possession being yet undetermined, and the court having no power to determine it upon a mere motion for an order, it must leave the plaintiff where he is.

AFFIRMED.