ALVAH F. STAHL, Plaintiff, *v.* BERTHA NORWICH and Others, Defendants.

Fourth Department, May 9, 1923.

**Mortgages — foreclosure — restitution of property seized on order to put purchaser in possession denied though order reversed — reference will not be directed to determine whether said articles are part of real estate.**

An order of restitution will not be granted by the Appellate Division after the reversal of an order granted to put the purchaser of real property on a mortgage foreclosure sale into possession of certain articles claimed to be part of the real property, where part of said articles have been sold.

The order of reversal by the Appellate Division will not be amended in such a case to provide for a reference to determine whether the articles were a part of the mortgaged premises, where there is no allegation in the pleadings that the articles in question were or were not a part of the real estate. That question should be determined in a new action.

MOTION by defendants, Bertha Norwich and others, for an order of restitution to compel the return of certain articles seized under an order in the nature of a writ of assistance following the sale of the premises on a mortgage foreclosure, and motion by the plaintiff, Alvah F. Stahl, to amend order of reversal entered March 7, 1923 (204 App. Div. 552), so as to provide for a reference to determine whether the articles were a part of the mortgaged premises.

*John Van Voorhis' Sons,* for the defendants Bertha Norwich and another.

*William W. Armstrong,* for the defendant Joseph H. Oberlies.

PER CURIAM:

Following the reversal of the order granting a writ of assistance as to certain articles (204 App. Div. 552) the defendants have moved for an order of restitution. Restitution rests in the discretion of the court. (Civ. Prac. Act, §§ 529, 554, 587, 1444; *Merriam* v. *Wood & Parker Lithographing Co.,* 155 N. Y. 136; *Market Nat.*

*Bank* v. *Pacific Nat. Bank,* 102 id. 464; *Marvin* v. *Brewster Iron Mining Co.,* 56 id. 671.)

In view of the sale of some of the articles involved and their attachment to the freehold, justice will be best served by denying the motion in our discretion. This in nowise precludes the defendants from asserting their rights in a new action. (*Haebler* v. *Myers,* 132 N. Y. 363.)

The plaintiff has moved to amend our former order to provide for a reference to determine whether the articles were a part of the mortgaged premises and has called our attention to the case of *Lombard* v. *Atwater* (46 Iowa, 501). We are of the opinion in this case, however, that the parties not having originally included within their pleadings any allegation that the articles in question were or were not part of the real estate, the question whether they were covered by the mortgage should now be determined in a new action, and that the motion for a modification to provide for a reference should be denied.

All concur.

Motion by defendants for an order of restitution, and motion by plaintiff to amend order of reversal entered March 7, 1923, so as to provide for a reference to determine whether the articles were a part of the mortgaged premises, denied, without costs.