■ A. E. NATHAN COMPANY, INC., Respondent, v DAVID STENGEL et al., Appellants, et al., Defendant. — Order and judgment, Supreme Court, New York County, entered on November 8 and November 15, 1978, respectively,

granting, *inter alia,* plaintiff-respondent's motion for summary judgment, unanimously modified, on the law, without costs and without disbursements, to the extent of denying the motion and otherwise affirmed. Plaintiff, a New York corporation, sold certain fabric to a concern allegedly known as Wings of California (Wings). Plaintiff received part payment and commenced this action for the balance. The individual defendants-appellants, Stengel and Lineman, are respectively the president and general manager of the corporate defendant, Nuages, Inc., a California corporation. The appellants served an answer containing a general denial of all allegations in the complaint and asserted an affirmative defense that they are wrong party defendants. Defendants-appellants maintained that Wings was merely a line of merchandise produced by Nuages; that Nuages was the responsible party for all obligations including those of its merchandise line, "Wings" and that the representatives of the corporate plaintiff were fully apprised of these facts. After issue was joined, plaintiff moved for summary judgment which was originally denied. Upon renewal and reargument, the prior order was vacated and plaintiff's motion was granted. Appellants' failure to submit answering affidavits on these latter motions, a practice not sanctioned by this court, does not change the subsequent determination. A motion for summary judgment searches the record (CPLR 3212, subd [b]) and the court had before it, from the prior motion, appellants' answering affidavits which raised questions of fact. Thus, Special Term erred in granting plaintiff's motion for summary judgment. When all documents, which were submitted on the prior motions, are considered in their entirety, substantial issues of fact are raised as to plaintiff's knowledge about Nuages and Nuages' relationship to Wings. These issues cannot be determined in advance of trial. Appellants have presented sufficient evidentiary facts to defeat this motion for summary judgment *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.* 32 NY2d 285). Concur — Kupferman, J. P., Birns, Fein, Ross and Bloom, JJ.