■ DELI OF LATHAM, INC., Respondent, v JOSEPH P. FREIJE, Appellant.—Main, J. P. Appeal from an order of the Supreme Court (Kahn, J.), entered June 27, 1986 in Albany County, which denied defendant's motion for an order of restitution.

This matter has been before this court previously, and the facts giving rise to this action are set forth in our earlier decision (101 AD2d 935, *affd* 63 NY2d 915). At that time, we reversed a decision of Supreme Court ordering, *inter alia,* specific performance of a lease. In the present matter, defendant seeks restitution for the period during which plaintiff was in illegal possession of the leased premises, along with costs and disbursements for the original action. Supreme Court denied defendant's motion because, since this court previously dismissed plaintiff's complaint, no action was pending to provide a predicate for the motion.

We are of the opinion that defendant's motion for restitution could properly be considered by Supreme Court. Initially, we note that we cannot discern from this record whether there in fact may be a predicate action. At the time plaintiff instituted the action for specific performance, defendant apparently brought a summary proceeding against plaintiff pursuant to RPAPL article 7. Supreme Court's judgment in plaintiff's favor dismissed defendant's petition. When this court reversed Supreme Court's judgment, one result of the reversal was the reinstatement of defendant's petition *(see,* 10 Carmody-Wait 2d, NY Prac §§ 70:429, 70:431, at 702, 705). Therefore, if defendant's proceeding is still pending, there is a predicate action to serve as a basis for defendant's motion.

Even if no predicate action exists, defendant's motion was nevertheless proper. Following the reversal of a lower court's judgment, both the appellate court and the lower court are empowered to direct restitution *(see,* CPLR 5523; Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C5523:1, at 417). Moreover, a motion is a proper method for a party to seek restitution *(see, ibid.).* Accordingly, Supreme Court does have the power to determine defendant's motion. Since the record is incomplete with respect to the merits of

the motion for restitution, the matter should be remitted to Supreme Court for determination of the motion.

We finally note that defendant is not entitled to the costs and disbursements relating to the previous matter and appeals therefrom. When this court reversed Supreme Court's judgment, we specified that we were reversing "without costs" (101 AD2d 935, *supra*). Such a specification does not modify any award of costs made at the trial level (*see,* 24 Carmody-Wait 2d, NY Prac §§ 148:204, 148:206, 148:207, at 724-729). Since we did not modify the award of costs made by Supreme Court, defendant is not now entitled to reimbursement of those costs. Similarly, defendant may not recover costs relating to either the first appeal to this court or the appeal to the Court of Appeals. Since disbursements are payable by the party against whom costs are assessed (*see,* CPLR 8301), defendant also is not entitled to reimbursement for his disbursements.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent herewith. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.