**ROCKY RIVER CONDO CORP.,**
**Plaintiff and Counterclaim**
**Defendant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage NIS Bank for Savings and Riccardi Bros., Inc., Defendants.**

**FLEET BANK OF MASSACHUSETTS, N.A., Counterclaim Plaintiff,**

v.

**ROCKY RIVER CONDO CORP.,**
**Counterclaim Defendant.**

**RICCARDI BROS., INC., Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Heritage Bank for Savings, Defendant.**

**Civ. A. No. 93–40016–NMG.**

United States District Court,
D. Massachusetts.

June 15, 1994.

---

Michael J. Michaeles, Wolfson, Dodson, Keenan & Cotton, Worcester, MA, for Rocky River Condo, Rocky River Condo Corp.,

David J. Kneeland, Jr., Worcester, MA, for Ricciardi Brothers, Ricciardi Brothers, Inc.

Robert L. Hamer, Kenneth R. Kohlberg, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for F.D.I.C., F.D.I.C., Heritage Bank for Sav. and Fleet Bank of Massachusetts, N.A.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a Report and Recommendation by United States Magistrate Judge Charles B. Swartwood, III, pursuant to 28 U.S.C. § 636(b)(1)(B), recommending that this Court deny the motion for summary of Fleet Bank of Massachusetts, N.A. ("Fleet") on its counterclaim against Rocky River Condo Corporation ("Rocky River"). For the reasons stated herein, the Report and Recommendation is Accepted and Adopted, in part, and Fleet's motion for summary judgment on its counterclaim is Denied.

## BACKGROUND

The relevant facts are recited in the light most favorable to Rocky River. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). On November 9, 1988, Rocky River purchased an excavator and a hoe ("the Property"). On December 2, 1988, Rocky River and Tomaiolo & Saigel, Inc. ("Tomaiolo & Saigel") entered into an Equipment Lease Agreement ("the Agreement") pursuant to which Tomaiolo & Saigel purported to lease the Property from Rocky River. The Agreement contained the following relevant terms:

(a) The lease was for one year.

(b) The fixed rent payment was $10,000 upon execution of the Agreement and $112,000 in 11 equal monthly payments of $9,333.34 until paid in full.

(c) Tomaiolo & Saigel retained an option to purchase the Property at the expiration of the lease term for $1 provided Tomaiolo & Saigel was not in default and, if it was in default, for $1 plus any deficiencies in the monthly rental payments.

(d) Tomaiolo & Saigel assumed all tax and maintenance costs and assumed all risk of loss, theft, damage and destruction to the Property.

(e) All insurance obligations with respect to the Property were to be assumed by Tomaiolo & Saigel.

(f) Tomaiolo & Saigel agreed that it would not assign, transfer, or sublease its rights under the Agreement, or permit its rights or interests to be subject to any lien, charge or encumbrance without the prior written consent of Rocky River.

(g) Tomaiolo & Saigel acknowledged that it had not obtained any title or ownership interest in the Property under the Agreement.

Tomaiolo & Saigel defaulted on its payments under the Agreement. On February

14, 1989, Rocky River filed a Uniform Commercial Code ("UCC") Financing Statement for the Property. On March 13, 1990, Tomaiolo & Saigel borrowed $90,000 from Heritage Bank for Savings ("Heritage")[1] and signed a security agreement with Heritage granting it "a continuing lien and security interest" in the Property and "a first security interest" in other described property. Of the $90,000 borrowed by Tomaiolo & Saigel, $65,000 was paid to Rocky River. Tomaiolo & Saigel defaulted on its loan to Heritage.

## SUMMARY JUDGMENT STANDARD

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.,* 950 F.2d 816, 822 (1st Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992). *quoting Garside v. Osco Drug, Inc.,* 895 F.2d 46, 50 (1st Cir.1990). The burden is upon the moving party to show, based upon the pleadings, discovery on file, and affidavits, that "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

If the moving party demonstrates that "there is an absence of evidence to support the non-moving party's case," the burden shifts to the non-moving party to establish the existence of a genuine issue of material fact. *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The non-movant, however, may not rest upon mere allegation or denial of the pleadings. Fed. R.Civ.P. 56. The Court must view the entire record in the light most hospitable to the non-moving parties and indulge all reasonable inferences in their favor. *O'Connor,* 994 F.2d at 907.

## DISCUSSION

In its motion for summary judgment, Fleet argues that the purported "lease" between Rocky River and Tomaiolo & Saigel was, as a matter of law, an installment sale contract and that, therefore, Tomaiolo & Saigel had title to the Property and granted Heritage (now Fleet) a first security interest in the Property through their agreement of March 13, 1990.

The Magistrate Judge recommended the denial of Fleet's motion for summary judgment because he found that genuine issues of material fact existed as to: 1) whether the Agreement between Rocky River and Tomaiolo & Saigel was a lease agreement or an installment sale contract and 2) whether Fleet has a priority interest in the Property.

This Court agrees with the Magistrate Judge that the question whether Fleet has a priority interest in the Property precludes summary judgment. For that reason, Fleet's motion for summary judgment will be denied. However, this Court disagrees with the Magistrate Judge's conclusion that a genuine issue of fact exists as to whether Agreement between Rocky River and Tomaiolo & Saigel constituted a lease agreement or an installment sale contract. This Court holds that, as a matter of law, the Agreement between Rocky River and Tomaiolo & Saigel was an installment sale contract.

The language used by the parties to the Agreement is in the form of a lease agreement. It is well settled, however, that Massachusetts courts look to substance over form when deciding if a transaction is a lease or a conditional sale. *Mohawk Industries, Inc. v. Connecticut Sewing Machine & Supply Company,* 49 B.R. 376, 378 (Bankr. D.Mass.1985). Moreover, while intent is usually a question of fact, summary judgment is nevertheless appropriate when the requirements for summary judgment are satisfied and only one conclusion may reasonably be drawn from the undisputed facts. *Id.* at 378–79, *citing Gard v. United States,* 594 F.2d 1230, 1234 n. 2 (9th Cir.1979), *cert. denied,* 444 U.S. 866, 100 S.Ct. 138, 62 L.Ed.2d 90 (1979); *see also Stepanischen v. Merchants Despatch Transportation Corp.,*

---

1. On April 29, 1993, this Court allowed Fleet to be substituted for Heritage in its counterclaims against Rocky River.

**492**

722 F.2d 922, 929 (1st Cir.1983) ("the presence of issues involving state of mind, intent or motivation does not automatically preclude summary judgment").

In this case, the Court finds the pertinent section of the Massachusetts version of the UCC (M.G.L. c. 106 § 1–201(37)) to be controlling. That section provides as follows:

> Whether a lease is intended as a security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has an option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security.

*Accord In re Coors of the Cumberland, Inc.,* 19 B.R. 313, 316 (Bankr.M.D.Tenn.1982) ("The decisive factor in distinguishing a lease intended for security from a true lease is whether the instrument in question will ultimately result in the purported lessee gaining de facto ownership of the subject matter of the lease.").

It is undisputed in this case that Tomaiolo & Saigel had an option to purchase the Property for one dollar at the expiration of the lease term. M.G.L. c. 106 § 1–201(37) is therefore controlling and the Agreement between Rocky River and Tomaiolo & Saigel was an installment sale contract creating a security interest in the Property for Rocky River.

Nevertheless, summary judgment is inappropriate in this case because, as the Magistrate Judge found, even if the Agreement was an installment sale contract, Fleet must still establish its priority to the Property. Both Fleet and Rocky River contend that they have purchase money security interests in the property. Fleet has failed to carry its burden of establishing that no genuine issue of material fact exists as to its priority interest in the Property. Fleet's motion for summary judgment on its counterclaim against Rocky River will therefore be DENIED.

ORDER

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge is Accepted and Adopted, in part, and the motion for summary judgment of Fleet Bank of Massachusetts, N.A., on its counterclaim is DENIED.