■ CHARLES A. GAETANO CONSTRUCTION CORPORATION, Plaintiff, v CITIZENS DEVELOPERS OF ONEONTA, INC., Appellant, and DAVERMAN ASSOCIATES, P. C., Respondent. [636 NYS2d 208] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered August 23, 1994 in Otsego County, which, *inter alia*, granted a motion by defendant Daverman Associates, P. C. for summary judgment against defendant Citizens Developers of Oneonta, Inc. and declared the validity of its mechanic's lien to the extent of $30,400.

After performing architectural services in connection with a redevelopment project in the City of Oneonta, Otsego County, defendant Daverman Associates, P. C. filed a mechanic's lien in the amount of $157,542 against the property, which is owned by defendant Citizens Developers of Oneonta, Inc. (hereinafter CDO). CDO subsequently arranged to have Royal Insurance Company issue a bond to discharge the lien. The bond was secured by a letter of credit, issued by Wilber National Bank, which in turn was guaranteed by Harold Degraw and Philip Devine, two of the individuals who had formed CDO, but who no longer had any financial interest in that corporation.

This action, in which Daverman sought to foreclose on his lien, ensued. During the trial, CDO and Daverman placed on the record a stipulation of settlement, wherein CDO agreed to pay Daverman $30,400 in several installments; the foreclosure action was not to be discontinued until the first installment was paid and a letter of credit, intended to guarantee the remaining payments, was received. No payments were forthcoming, however, and Daverman sought and obtained a judgment against CDO in the amount of $30,400 pursuant to the settlement agreement.

CDO's subsequent attempt to discharge the bond was unsuccessful because, in accordance with the terms of the parties' stipulation, the lien foreclosure action was still outstanding (*see, Gaetano Constr. Corp. v Citizens Developers*, 175 AD2d 465). Then, in a related action, we held that the in personam

judgment Daverman had obtained pursuant to the settlement agreement could not be satisfied from Royal's bond, as it was not a judgment on the lien itself (*see, Royal Ins. Co. v Citizens Developers*, 200 AD2d 804, *lv denied* 83 NY2d 758), but that to collect on the bond Daverman must obtain a judgment in the pending lien foreclosure action. This Court also found that CDO and Royal had waived their right to object to CDO's liability on the lien, and that Daverman was precluded from asserting that it was owed more than the $30,400 it had agreed to accept. Daverman then moved for summary judgment in this action to recover the $30,400 that CDO had agreed to pay. Supreme Court granted the motion and awarded Daverman judgment on the lien in that amount. CDO appeals.

This appeal has not, as Daverman suggests, been rendered moot by the fact that it has collected from Royal on the bond, and Royal has collected from Wilber. If the judgment were to be reversed, Wilber (or the guarantors, if they had been obliged to honor their guarantees) would be entitled to restitution (*see*, CPLR 5015 [d]; 5523; *Bedell Co. v Harris*, 228 App Div 529, 536).

Turning to the merits, we affirm. Supreme Court simply entered judgment in accordance with this Court's earlier resolution of the pertinent substantive issues (*see, Royal Ins. Co. v Citizens Developers, supra*, at 807), matters which we are not disposed to revisit (*cf., Rohring v City of Niagara Falls*, 192 AD2d 228, 233, *affd* 84 NY2d 60). The motion court cannot be faulted for declaring the lien valid without a hearing, for, as we held in *Royal Ins. Co. v Citizens Developers* (*supra*), CDO and Royal have each waived their right to raise any challenge in that regard.

Nor is there any merit to CDO's contention that Daverman should have been barred from pursuing this action, either because it, at one point, succeeded in striking the note of issue or because it obtained a judgment on the stipulation of settlement. That issue was also already decided by this Court, when we held that the stipulation itself mandated that the foreclosure action remain pending until its terms were satisfied (*Gaetano Constr. Corp. v Citizens Developers, supra*, at 466), and when we found in January 1994, in the context of the related action, that the foreclosure suit was "still pending" and that Daverman should—and could—seek judgment in connection therewith (*Royal Ins. Co. v Citizens Developers, supra*, at 806). As for the earlier judgment, it should be deemed satisfied when the judgment in this action is paid, and if that has occurred—as Daverman represents—an appropriate satisfaction-piece should be filed (*see*, CPLR 5020).

CDO's remaining arguments have been considered and found meritless. As for the guarantors' proposed intervention, they apparently have not been afforded an opportunity to contest the validity of the underlying lien on the merits, and have not waived their right to do so. If that is indeed the case, then they are not precluded by the decisions rendered in these actions from asserting any defenses they may have when collection is sought on their guarantees.

Mikoll, J. P., Mercure, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.