■ ROGER MILLER et al., Appellants, v WILLIAM R. DONIGER et al., Respondents. [707 NYS2d 170] —Order, Supreme Court, New York County (Barry Cozier, J.), entered July 23, 1999, which, *inter alia*, granted defendants' summary judgment motion insofar as to dismiss plaintiffs' causes of action for fraud, breach of fiduciary duty, negligence, negligent misrepresentation and unjust enrichment, unanimously affirmed, with costs.

Plaintiffs failed to submit any evidence demonstrating scienter, an essential element of fraud (*see, Small v Lorillard Tobacco Co.*, 94 NY2d 43, 57), and the 1991 annual report of Mini-Computer Systems, Inc. (MCS), of which both plaintiffs Roger Miller and Michael Epstein were directors at all relevant times, placed the blame for the unprofitability of that company's leveraged buyout of U-Vend, Inc., not on defendants, but solely on the sellers. The IAS Court properly disregarded the 1996 affidavit of a former U-Vend employee, relied on by plaintiffs to create a triable issue of fact on the matter, since there was no explanation why the affidavit directly contradicted the affiant's prior sworn statements (*see, Zylinski v Garito Contr.*, 268 AD2d 427, 428; *Bushman v Di Carlo*, 268 AD2d 920, 922-923; *Maria S. v Willow Enters.*, 234 AD2d 177, 180). In addition, plaintiffs were in a position to check all of the documents supporting defendant Doniger's due diligence report, which documents expressly stated that various representations made in the report were based on financial reports

by the sellers' accountants and on representations by the sellers, and thus plaintiffs have failed to demonstrate, in support of their fraud cause of action, reasonable reliance on the representations at issue (*see, Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421).

All of the allegedly wrongful actions of Doniger were made in his capacity as MCS director and/or officer, were made in good faith and were approved and ratified by the MCS board, and are therefore protected by the business judgment rule (*see, Auerbach v Bennett*, 47 NY2d 619, 630, 631; *196 Owners Corp. v La Sala Restoration Co.*, 242 AD2d 459, *lv denied* 92 NY2d 804). The record belies plaintiffs' claims of a fiduciary relationship or joint venture relationship between them and Doniger.

Plaintiffs' unjust enrichment claim is premised on the same subject matter as is contained in certain written contracts, and therefore was properly dismissed (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 388).

Notwithstanding subsequent events at trial following the filing of the appellate briefs, we affirm the denial of partial summary judgment on the third cause of action. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.