■ CRAIG LOPEZ, Appellant, v NORTHERN ASSURANCE COMPANY OF AMERICA et al., Respondents, et al., Defendants. [735 NYS2d 253] —Rose, J. Appeal from an order of the Supreme Court (Kane, J.), entered November 8, 2000 in Sullivan County, which granted the motion of defendants Northern Assurance

Company of America and Commercial Union Insurance Companies to vacate a default judgment entered against them.

Plaintiff was injured in a motor vehicle accident and received $300,000 under his parents' uninsured motorist insurance policy issued by defendant Commercial Union Insurance Companies (hereinafter CUI). Plaintiff then commenced this action against his parents, CUI and defendant Northern Assurance Company of America (hereinafter Northern) for a judgment declaring the availability of umbrella coverage under his parents' homeowner's policy issued by Northern and/or CUI. Having received no answers to the complaint, plaintiff moved pursuant to CPLR 3215 for judgment by default. Supreme Court granted the requested relief, and defendants CUI and Northern (hereinafter collectively referred to as defendants) then moved to vacate the judgment pursuant to CPLR 5015 (a) (1). Supreme Court granted their motion, and plaintiff now appeals.

The question of whether a party seeking to vacate a default judgment has sufficiently demonstrated the requisite reasonable excuse, meritorious defense, absence of willfulness and lack of prejudice to the opposing party is " 'ordinarily * * * left to the discretion of the lower courts' " (*Fidelity & Deposit Co. of Md. v Andersen & Co.*, 60 NY2d 693, 695, quoting *Barasch v Micucci*, 49 NY2d 594, 599). Here, defendants' excuse for their default is based on the affidavit of Meredith Furel, a CUI claims representative, who averred that she had obtained an "open ended extension of time" from plaintiff's counsel. Although plaintiff's counsel denied agreeing to any extension, Supreme Court was not required to hold a hearing to resolve the issue before exercising its discretion (*see, Scielzi v Gold*, 213 AD2d 872, 873). As a meritorious defense, CUI produced a general release executed by plaintiff. Understandably, Supreme Court questioned the integrity of the default judgment once it learned that plaintiff's counsel had not filed proof of service on all defendants and failed to disclose either the existence of the general release or his admitted contact with Furel. Given the lack of evidence that defendants' default was willful or that plaintiff will be prejudiced thereby, we find no abuse of Supreme Court's discretion in granting defendants' motion to vacate their default.

Mercure, J.P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.