■ Joseph F. Gagen, Appellant, v Kipany Productions, Inc., Respondent. [775 NYS2d 202]—

Lahtinen, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered December 23, 2002 in Albany County, which, inter alia, granted defendant's motion for restitution, and (2) from the judgment entered thereon.

Plaintiff contends in the current appeal that Supreme Court erred in denying him a default judgment against defendant and in directing him to pay restitution of the amount he had collected under a prior default judgment that had been vacated. The underlying facts are set forth more fully in our prior decision in this matter (289 AD2d 844 [2001]). Briefly stated, the case centers around the issue of whether plaintiff was an employee of defendant (and entitled to certain overtime compensation) or whether he was an independent contractor. Plaintiff obtained a default judgment against defendant in June 1999 and, despite defendant's ongoing efforts to have the default vacated, plaintiff executed upon the judgment, collecting over $19,000 in December 1999. Although defendant's motion to vacate the default judgment was denied by Supreme Court, we reversed and vacated the judgment upon the ground that

plaintiff had failed to establish a prima facie cause of action (*id.* at 845-846). Thereafter, plaintiff submitted more detailed papers in support of an application for a default judgment. Defendant opposed the motion and moved for, among other things, restitution of the amount paid on the now-vacated default judgment. Supreme Court found that plaintiff had established a prima facie cause of action, but further determined that defendant made a satisfactory showing to be excused from the default and, thus, denied plaintiff's application. The court granted defendant's motion for restitution of the amount plaintiff had collected from it under the default judgment. Plaintiff appeals.

Initially, we reject plaintiff's argument that our decision in the prior appeal precluded defendant from attempting to establish an excusable default. While we noted that defendant had not established a reasonable excuse for its default (*id.* at 845), we also held that plaintiff had failed to demonstrate a prima facie cause of action (*id.* at 845-846). Hence, both parties' papers in the original application suffered from fatal infirmities. Our decision did not suggest that, in the event plaintiff was able to cure his defects in a new motion, defendant would be prevented from attempting to remedy its omissions.

Next, we turn to plaintiff's contention that the papers submitted by defendant were inadequate to excuse its default. A default may be excused upon a showing of a reasonable excuse, a meritorious defense, a lack of willfulness and an absence of prejudice (*see Lopez v Northern Assur. Co. of Am.*, 290 AD2d 628, 629 [2002]). "[T]he decision of the [trial] court to open a default will not be disturbed in the absence of an improvident exercise of discretion" (*Pisano v Tupper,* 177 AD2d 886, 887 [1991]). Defendant clearly established a meritorious defense and, indeed, the only factor that plaintiff currently asserts that defendant failed to set forth was reasonable excuse. However, defendant explained in detail that the default occurred as a result of law office failure by its former attorney, who misunderstood certain communications with Supreme Court's staff. Once the default occurred, defendant acted promptly to attempt to rectify its error and, as Supreme Court observed, defendant has now "secured new counsel who possesses the necessary litigation skills to properly pursue the matter." Since law office failure can constitute a viable excuse (*see* CPLR 2005; *Mothon v ITT Hartford Group,* 301 AD2d 999, 1000-1001 [2003]), and in light of the preference in favor of resolving matters on the merits (*see Frank v Martuge,* 285 AD2d 938, 939 [2001]), we find that Supreme Court did not improvidently exercise its discretion in excusing defendant's default.

Lastly, plaintiff asserts that Supreme Court erred in directing restitution of funds that he had collected under the authority of the now-vacated default judgment. The decision whether to grant restitution is also within the discretion of the trial court (*see* CPLR 5015 [d]; 5523; *Horvath v Grid Realty Corp.*, 64 AD2d 691, 692 [1978] [Gulotta, Jr., concurring] [1978]; *Stahl v Norwich*, 205 App Div 424, 424 [1923]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.18) and there has been no showing that Supreme Court abused its discretion under the current circumstances (*see Gaetano Constr. Corp. v Citizens Devs. of Oneonta*, 223 AD2d 866, 867 [1996]; *Deli of Latham v Freije*, 133 AD2d 889, 889 [1987]).

Mercure, J.P., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order and judgment are affirmed, with costs.