■ DINIZIO AND COOK, INC., et al., Appellants, v DUCK CREEK MARINA AT THREE MILE HARBOR, LTD., et al., Respondents. [781 NYS2d 44]—

In an action, inter alia, to recover damages for unjust enrichment and for an accounting, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Werner, J.), entered April 21, 2003, as, after a nonjury trial, and upon a decision of the same court dated January 3, 2003, is in favor of the defendants on their first and second counterclaims to recover money due on a promissory note.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to Supreme Court, Suffolk County, for further proceedings consistent herewith.

The plaintiffs gave the defendants a promissory note dated May 15, 1991 (hereinafter the 1991 note) as partial consideration for their purchase of a boat marina located in East Hampton. The 1991 note was in turn altered by a Modification Agreement dated November 17, 1992 (hereinafter the 1992 Modification), which provided, in pertinent part, that "Lender and I agree to change the terms of the Note dated May 15, 1991."

According to the 1992 Modification, in the event that the plaintiffs did not make a principal payment when due, a schedule provided for them to pay increasing amounts of interest in stages through May 15, 1997, the date the note terminated. While the 1991 Note had an acceleration clause in the event of a default, the 1992 Modification did not. A plain reading of the 1992 Modification indicates that the parties agreed that the failure to make a timely principal payment did not constitute a default that could lead to acceleration of the debt, but rather served to extend the time for the plaintiffs to make that repayment at interest rates favorable to the defendants until the date the note was finally due (see Cave v Kollar, 2 AD3d 386 [2003]). Pursuant to a further modification agreement which was in effect in May 1994, the note terminated in 1998.

The first and second counterclaims are for damages arising from a 1994 default. That default clearly did not occur. To the

extent that the Supreme Court's determination was predicated on a default that occurred in 1998, this was not what the counterclaims alleged. The defendants' failure to amend the pleadings to reflect an allegation of a 1998 default and to give the plaintiffs the opportunity to be heard on this claim requires reversal under the circumstances of this case.

Since the debt was improperly accelerated in 1994, if, as the plaintiffs allege, the defendants thereafter refused to accept any partial principal payments, the extent to which such conduct impacts on the amount of interest due, if any, on the outstanding principal balance on the note between 1994 and 1998 has to be considered.

Therefore, the judgment is reversed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings, including a recomputation of the interest due. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.