■ CIT Technology Financing Services, Inc., Formerly Known as Newcourt Leasing Corporation, Respondent, v Tricycle Enterprises, Inc., et al., Defendants, and Cayuga Millwork, Inc., et al., Appellants. [787 NYS2d 133]—

Rose, J. (1) Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 30, 2003 in Tompkins County, which, inter alia, granted plaintiff's motion for an order of seizure and replevin, and (2) motion to dismiss appeal.

This action involves competing claims to certain machinery that was the subject of a lease agreement between plaintiff's predecessor in interest as lessor and defendant Tricycle Enterprises, Inc. as lessee. Following Tricycle's default, its vice president, defendant Jack Roscoe, took possession of the subject machinery in satisfaction of a secured debt and used the machinery in his newly incorporated business, defendant Cayuga Millwork, Inc., without making any payments to plaintiff. Plaintiff then commenced this action seeking to recover the unpaid rent and possession of the machinery. In response, Roscoe asserted that his claim to the machinery as a creditor with a perfected security interest is superior to plaintiff's claim because the lease agreement here is really a disguised security agreement giving plaintiff nothing more than an unperfected security interest. Finding the agreement to be a true lease rather than a secured transfer of ownership, Supreme Court granted plaintiff's motion for summary judgment, awarded a money judgment in the amount of the unpaid rent and issued an order of seizure for the machinery. Roscoe and Cayuga Millwork (hereinafter collectively referred to as defendants) now appeal.

This appeal has not, as plaintiff argues, been rendered moot by the fact that the machinery has been seized and sold to a third party. An appeal will not be considered moot if "the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment" (*Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714 [1980]). Here, if Supreme Court's order were reversed, defendants could be entitled to damages or restitution (*see* CPLR 5015 [d]; 5523; *Gaetano Constr. Corp. v Citizens Devs. of Oneonta*, 223 AD2d 866, 867 [1996]; *Albany Sav. Bank v All Advantages Limousine Serv.*, 154 AD2d 759, 761 [1989]).

Turning to the merits, defendants contend that the agreement provides that Tricycle would have the option to purchase the machinery for nominal consideration at the conclusion of its five-year term, creating a security interest under UCC 1-201 (37) (a) (iv). Defendants argue that the "10% of Total Cash Price" provided as the amount of the consideration in the agreement's purchase option is nominal compared to the

anticipated remaining market value of the machinery at the end of the lease term. They calculate the remaining market value to be $50,508. While the agreement sets the purchase option price at 10% of total cash price, however, it does not define total cash price. We find that this term should be read to mean the total of all payments to be made over the five-year term of the lease. Accordingly, the purchase option price would be 10% of $152,736, or $15,274, which is approximately 30% of the machinery's remaining market value.

Because the agreement here provides that it is to be governed by the laws of Massachusetts, we are guided by that state's case law interpreting Mass Gen Law Ann, ch 106, § 1-201 (37), which mirrors UCC 1-201 (37). The Massachusetts courts have recognized a "rule of thumb" that a purchase option price in excess of 25% of the market value of the goods at the end of the lease term is not nominal consideration under UCC 1-201 (37) (*see Marine Midland Bank, NA v Moran,* 1994 Mass App Div 167, 171 [1994], citing *Matter of Access Equip.,* 62 BR 642, 646 [D Mass 1986]). Accordingly, we conclude that plaintiff retained an economically significant reversionary interest in the machinery, the option price of 30% of that remaining value here is more than nominal and, thus, the agreement was a true lease rather than a security agreement (*see Carlson v Giacchetti,* 35 Mass App Ct 57, 62-64 [1993]; *Marine Midland Bank, NA v Moran, supra* at 169; *see also Matter of APB Online,* 259 BR 812, 818 [2001]; *cf. Rocky River Condo Corp. v Federal Deposit Ins. Corp.* 855 F Supp 489, 492 [D Mass 1994] [option to purchase for $1]; *Breeden v Hit Publs.,* 2001 Mass App Div 11, 11-13 [2001] [option to purchase for $1]).

Mercure, J.P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the motion is denied, without costs. Ordered that the order is affirmed, with costs.