◼ Joseph F. Gagen, Appellant, v Kipany Productions, Ltd., Respondent. [812 NYS2d 689]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered December 10, 2004 in Albany County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

The facts underlying this action premised on Labor Law article 6 are set forth in the two prior appeals (6 AD3d 963 [2004]; 289 AD2d 844 [2001]). As previously observed, the central issue is "whether plaintiff was an employee of defendant (and entitled to certain overtime compensation) or whether he was an independent contractor" (6 AD3d 963, 963 [2004], *supra*). Although defendant's motion for summary judgment in 2002 was denied, defendant made this second motion for the same relief after obtaining court ordered disclosure of plaintiff's tax returns for the relevant years. Those returns reflected that plaintiff had made representations and claimed deductions associated with conducting business as an independent contractor. Supreme Court granted defendant's motion and plaintiff appeals.

We affirm. "[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results [and the] [f]actors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003] [citations omitted]). While the manner in which the relationship is treated for income tax purposes is certainly a significant consideration, it is generally not singularly dispositive (*see Matter of Stuckelman [Blodnick, Gordon, Fletcher & Sibell, P.C.—Commissioner of Labor]*, 16 AD3d 882, 883 [2005]; *cf. Lerohl v Friends of Minnesota Sinfonia*, 322 F3d 486, 492 [2003], *cert denied* 540 US 983 [2003]; *Eisenberg v Advance Relocation & Stor., Inc.*, 237 F3d 111, 118 [2000]).

Defendant clearly submitted ample evidence to meet its threshold burden. Plaintiff contends that Supreme Court failed to consider his 2002 affidavit from the earlier summary judgment motion and that such affidavit raised factual issues (*see*

*A.E. Nathan Co. v Stengel*, 78 AD2d 844, 845 [1980]). However, plaintiff's tax returns, which were not disclosed until after the prior motion, conflicted with plaintiff's 2002 affidavit regarding several significant issues. For example, in his 2002 affidavit, plaintiff stated that he moved to New York City after becoming an employee of defendant and worked full time at defendant's New York City office. Yet, his tax returns for the pertinent years declared he lived in the City of Albany and conducted his business in Albany. He filed New York City nonresident tax returns allocating only half his earnings to New York City and reciting an address for such work different from defendant's location. Moreover, his tax returns contained numerous deductions for business purposes associated with independent contractor status, such as travel, entertainment, lodging, supplies, telephone and depreciation of business assets. Since the tax returns signed by plaintiff under penalty of perjury contained significant conflicts with assertions in the 2002 affidavit, it was appropriate to disregard the self-serving affidavit in the absence of some explanation regarding the contradictions (*see Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]; *Lane v Feinberg*, 293 AD2d 654, 655 [2002]; *Miller v Doniger*, 272 AD2d 73, 73 [2000]). Plaintiff failed to offer such an explanation or other competent proof raising a factual issue. Supreme Court thus properly granted defendant's motion.

The remaining arguments have been considered and found unpersuasive.

Spain, J.P., Carpinelló, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.