■ DINIZIO AND COOK, INC., Appellant, et al., Plaintiffs, v DUCK CREEK MARINA AT THREE MILE HARBOR, LTD., et al., Respondents. [821 NYS2d 649]—

In an action, inter alia, to recover damages for unjust enrichment and for an accounting, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated January 18, 2005, which denied its motion pursuant to CPLR 5015 (d) for restitution of money paid to satisfy a judgment, and, sua sponte, amended the defendants' first and second counterclaims to allege a 1998 default on the subject promissory note.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, amended the defendants' first and second counterclaims is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted; and it is further,

Ordered that the order is affirmed, with costs.

This matter has been before this Court previously, and the facts giving rise to this action are set forth in our earlier decision (see Dinizio & Cook, Inc. v Duck Cr. Mar. at Three Mile Harbor, Ltd., 9 AD3d 443 [2004]).

The determination whether to award restitution is within the discretion of the trial court (see Gagen v Kipany Prods., 6 AD3d 963, 965 [2004]; Horvath v Grid Realty Corp., 64 AD2d 691, 692 [1978]; Stahl v Norwich, 205 App Div 424, 424 [1923]).

The Supreme Court providently exercised its discretion in denying the motion of the plaintiff Dinizio and Cook, Inc. (hereinafter the plaintiff) for restitution (see Deli of Latham v Freije, 133 AD2d 889, 889-890 [1987]; Key Bank of W. N.Y. v Kessler Graphics Corp., 199 AD2d 978 [1993]). While the amount of $1,968,545 paid by the plaintiff on the judgment (principal, interest, and legal fees) may have been more than the plaintiff owes to the defendants, the determination of what the plaintiff actually owes requires the Supreme Court to make specific factual determinations.

Moreover, the Supreme Court providently exercised its discretion in amending the first and second counterclaims to allege a 1998 default on the subject promissory note. CPLR 3025 (c) permits a court to amend pleadings before or after judgment to conform them to the evidence (see CPLR 3025 [c]). Where no prejudice is shown, an amendment may be allowed "during or even after trial" (Dittmar Explosives v A. E. Ottaviano, Inc., 20 NY2d 498, 501 [1967]; see also Matter of Denton, 6 AD3d 531, 532 [2004]). The Supreme Court found, and the plaintiff did not contest, that the note existed, that it matured in 1998, and that when the plaintiff made its last payment in April of 1994 there remained an unpaid principal balance in the sum of $1,152,750

on the $1,750,000 note. Thus, the plaintiff cannot claim to be surprised by the claim that it breached the agreement in either 1994 or 1998. The plaintiff will be afforded an opportunity to defend this allegation in the Supreme Court. Therefore, the plaintiff's contention that it was prejudiced by the amendment is without merit (*see Matter of Denton, supra* at 533). Adams, J.P., Mastro, Fisher and Covello, JJ., concur.