■ SLOAN ZAKHEIM, Appellant, v LEADING INSURANCE SERVICES, INC., Respondent, et al., Defendant. [24 NYS3d 623]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered November 25, 2014, which denied plaintiff's motion for summary judgment, and granted defendant Leading Insurance Services, Inc.'s motion for summary judgment declaring in its favor and dismissing the complaint as against it, unanimously modified, on the law, solely to declare that defendant has no obligation to indemnify plaintiff for the amount of the judgment entered in her favor against its insured in the underlying personal injury action, and otherwise affirmed, without costs.

The complaint and the bill of particulars in the underlying action allege that plaintiff was injured at a nail salon insured by defendant when the pedicurist cut plaintiff's foot with, as she variously described it, a razor blade, a razor-like implement, an illegal instrument or an unauthorized pedicure tool, in violation of a regulation of the Division of Licensing Services for Hairdressing and Cosmetology restricting the use of certain items in "Appearance Enhancement" (19 NYCRR 160.18). Defendant disclaimed coverage on the basis of a policy exclusion for bodily injury arising out of the violation of a statute, rule or regulation, and, in this action, established prima facie that it was not obligated to provide coverage, based on the pleadings in the underlying action (*see ABC, Inc. v Countrywide Ins. Co.*, 308 AD2d 309, 310 [1st Dept 2003]). In opposition to defendant's motion in this action, plaintiff argued that razor blades, and other sharp instruments, are not prohibited by 19 NYCRR 160.18, since the regulation only limits the use of a razor (19 NYCRR 160.18 [a] [2]), while prohibiting the use of "[c]redo knives" (*id.* subd [a] [5]). Since the implement used by the pedicurist was not a credo knife, plaintiff argued, there was no violation of the regulation, and the exclusion from coverage is not applicable. This argument directly contradicts the sworn statements in plaintiff's verified pleadings and deposition testimony, and therefore fails to raise an issue of fact. For the same reason, the court properly rejected plaintiff's affidavit,

which attached a photograph of a credo knife, taken from the Internet, and stated that that image did not depict the object that cut her foot (*see Miller v Doniger*, 272 AD2d 73 [1st Dept 2000]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter and Gische, JJ.