Globe Trade Capital, LLC v Hoey (2021 NY Slip Op 06156)





Globe Trade Capital, LLC v Hoey


2021 NY Slip Op 06156


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-00393
2018-00394
2018-03890
 (Index No. 70272/14)

[*1]Globe Trade Capital, LLC, respondent,
v
Thomas J. Hoey, Jr., et al., appellants, et al., defendants.


Joseph T. Adragna, Huntington, NY, for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Howard B. Kleinberg and Michael Kwiatkowski of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Thomas J. Hoey, Jr., and Wendy Hoey, individually and as trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, appeal from (1) an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated November 13, 2017, (2) an amended order of the same court dated December 21, 2017, and (3) a deficiency judgment of the same court entered December 22, 2017. The order, insofar as appealed from, denied those branches of those defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate a judgment of foreclosure and sale of the same court entered March 21, 2017, insofar as entered against the defendant Wendy Hoey, and thereupon, to dismiss the complaint insofar as asserted against that defendant. The amended order, insofar as appealed from, denied those branches of the motion of the defendants Thomas J. Hoey, Jr., and Wendy Hoey, individually and as trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, which were pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale entered March 21, 2017, insofar as entered against the defendants Thomas J. Hoey, Jr., and the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, and thereupon, to dismiss the complaint insofar as asserted against those defendants, and pursuant to CPLR 2003 to set aside the foreclosure sale of the property, and granted the plaintiff's motion to confirm a referee's report and for leave to enter a deficiency judgment against the defendant Thomas J. Hoey, Jr., and the Thomas J. Hoey Jr. and Wendy Hoey Living Trust. The deficiency judgment is in favor of the plaintiff and against the defendants Thomas J. Hoey, Jr., and the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, jointly and severally, in the principal sum of $1,245,737.78.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the amended order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for leave to enter a deficiency judgment against the defendant Thomas J. Hoey, Jr., and substituting therefor a provision denying that branch of the motion; as so modified, the amended order is affirmed insofar as appealed from; and it is further,
ORDERED that the deficiency judgment is modified, on the law, by deleting the provisions thereof that are in favor of the plaintiff and against the defendant Thomas J. Hoey, Jr.; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action to foreclose a mortgage on real property located in Westhampton against, among others, the defendants Thomas J. Hoey, Jr. (hereinafter Thomas), and Wendy (hereinafter Wendy and, together with Thomas, the defendants), in their individual capacities and in their capacities as trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust (hereinafter the Trust). At all relevant times, the subject property was owned by the Trust.
The defendants did not answer the complaint, or make a pre-answer motion to dismiss the complaint. By order dated August 3, 2016, the Supreme Court granted the plaintiff's unopposed motion, inter alia, to appoint a referee to compute the sums due to it. On or about December 29, 2016, the plaintiff moved for a judgment of foreclosure and sale. The defendants did not oppose the motion. The court entered a judgment of foreclosure and sale on March 21, 2017.
The defendants moved pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale on the grounds of lack of personal jurisdiction, fraud, or misconduct by an adverse party, and thereupon, to dismiss the complaint, and pursuant to CPLR 2003 to set aside the foreclosure sale of the subject property. The plaintiff moved to confirm a referee's report of sale and for leave to enter a deficiency judgment against Thomas and the Trust.
By order dated November 13, 2017, the Supreme Court, among other things, denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale insofar as entered against Wendy, and thereupon, to dismiss the complaint insofar as asserted against that defendant. By amended order dated December 21, 2017, the court, inter alia, denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale insofar as entered against Thomas and the Trust, and thereupon, to dismiss the complaint insofar as asserted against those defendants and pursuant to CPLR 2003 to set aside the sale of the property, and granted the plaintiff's motion to confirm a referee's report and for leave to enter a deficiency judgment. On December 22, 2017, the court entered a deficiency judgment in favor of the plaintiff and against Thomas and the Trust, jointly and severally, in the principal sum of $1,245,737.78, plus pre-judgment interest.
Contrary to the plaintiff's contention, the sale of the subject property did not render this appeal academic (see CPLR 5523; 5015[d]; U.S. Bank, Natl. Assn. v Vanvliet, 24 AD3d 906, 909; see also CIT Tech. Fin. Servs., Inc. v Tricycle Enters., Inc., 13 AD3d 783, 784).
The Supreme Court properly denied those branches of the defendants' motion which were to vacate the judgment of foreclosure and sale insofar as entered against Wendy, and thereupon, to dismiss the complaint insofar as asserted against her on the ground of lack of proper service of process. In an order dated June 1, 2017, the court denied Wendy's prior motion pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale insofar as entered against her, and thereupon, to dismiss the complaint insofar as asserted against her (see Globe Trade Capital, LLC v Hoey, ___ AD3d ___ [Appellate Division Docket No. 2017-08054; decided herewith]). The defendants' subsequent motion alleged similar grounds, and was not based on any new evidence. Therefore, the court properly found that its determination in the order dated June 1, 2017, constituted law of the case (see V.A. v City of New York, 188 AD3d 962, 964; US Bank N.A. v Oliver, 180 AD3d 843, 844; Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1253-1254). Although this Court is not bound by the doctrine of the law of the case (see Wells Fargo Bank, N.A. v Fleurant, 150 AD3d 790, 791; Debcon Fin. Servs., Inc. v 83-17 Broadway Corp., 126 AD3d 752, 754), there is no merit to the defendants' contention that the record does not establish proper service of the summons and complaint upon Wendy (see One W. Bank, FSB v Rotondaro, 188 AD3d 710, 712; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751; see also Caliber Home Loans, Inc. v Xiu Lian Tang, 172 AD3d 476; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984; Ohio Sav. Bank v [*2]Munsey, 34 AD3d 659, 659-660).
The Supreme Court properly denied those branches of the defendants' motion which were to vacate the judgment of foreclosure and sale insofar as entered against the Trust, and thereupon, to dismiss the complaint insofar as asserted against that defendant on the ground of lack of personal jurisdiction. Contrary to the defendants' contention, the plaintiff showed that it properly served the summons and complaint upon the Trust (see CPLR 308[2]; One W. Bank, FSB v Rotondaro, 188 AD3d at 712; Indymac Fed. Bank, FSB v Hyman, 74 AD3d at 751; see also RPAPL 1312[1]).
However, in support of its motion for leave to enter a deficiency judgment, the plaintiff failed to show, prima facie, that Thomas was properly served with the summons and complaint. The record contains a certificate of service executed by a Sheriff of the City and State of New York, indicating that a Deputy Sheriff delivered the summons and complaint to an official at a facility where Thomas was incarcerated on the date of purported service. The record contains no proof that the summons and complaint was mailed to Thomas individually, in compliance with CPLR 308(2), or any other proof of service upon Thomas individually. The subject property is owned by the Trust; therefore, the lack of service upon Thomas does not warrant vacatur of the judgment of foreclosure and sale. However, in light of the lack of proof of proper service upon Thomas, the plaintiff was not entitled to a deficiency judgment against him individually (see CPLR 308[2]; Wells Fargo Bank, N.A. v Heaven, 176 AD3d 761, 763; Washington Mut. Bank v Murphy, 127 AD3d 1167, 1175).
The defendants' remaining contentions are without merit.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court