## Fourth Department, May, 1967

## (May 11, 1967)

■ Hercules Packing Corporation, Appellant, v. Norman Steinbruck-ner et al., Respondents

Memorandum: Plaintiff is a manufacturer of sealing devices and defendants were employed as lead men in two of plaintiff's production departments. While still employed defendants acquired machinery and began to manufacture sealing devices on their own time and premises which, in some instances, were sold by a distributor to plaintiff's customers. Defendants knew that some of the orders were intended to be sold to the employer's customers and they assisted the distributor in preparing bids in competition with the employer. There were no trade secrets in the employer's business and proof was lacking that defendants were using any lists of customers or any other confidential information in selling their product. The trial court correctly determined that the plaintiff was not entitled to any injunctive relief. The trial court's findings and conclusions that defendants' conduct did not breach their duties to their employer should be reversed. An employee may not compete with his employer's business during the time of his employment. (35 Am. Jur., Master and Servant, § 88; *Sheppard Pub. Co.* v. *Harkins*, [1905] 9 Ont. L. Rep. 504, 5 Ont. W. Rep. 482; Ann., 1913 B American and English Annotated Cases, p. 511 *et seq.*) The measure of damages for such misconduct is governed by the general equities of the situation. Defendants' profits are not awarded as plaintiff's damages as a matter of course. (*Ronson Art Works* v. *Gibson Lighter Co.*, 3 A D 2d 227, 230–231.) The measure of damages in this case should be the amount plaintiff would have made except for defendants' wrong. (*Bruno Co.* v. *Friedburg*, 21 A D 2d, 336, 341.) We find and determine that defendants committed a breach of their duties to plaintiff and that plaintiff is entitled to judgment against defendants for the damages which it sustained as a result thereof. The case should be remitted to Erie Trial Term to take proof, determine the amount of such damages and enter judgment in the amount so determined, without costs, in favor of plaintiff against defendants. All concur, except Williams, P. J., who dissents and votes to affirm upon the ground that the record discloses no breach of duty to the plaintiff by the defendants. (Appeal from judgment of Erie Trial Term dismissing complaint in an action for an injunction and accounting.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.