■ CATALOGUE SERVICE OF WESTCHESTER, INC., Appellant, v PAUL WISE et al., Respondents, et al., Defendants.—Judgment, Supreme Court, New York County, entered March 23, 1977, dismissing the complaint, on the merits, after a trial without a jury in this action for, *inter alia,* breach of fiduciary duties owed by employees, unanimously modified, on the law and the facts, to direct judgment for the plaintiff as to the defendants' solicitation of the business of the Amscan Company, Holt Howard Company and the Beth Weissman Company, to remand to the trial court for an assessment of the damages sustained by the plaintiff as a result of such solicitation, and otherwise affirmed, without costs and disbursements. The trial court found that the plaintiff's witness Nadel was unworthy of belief and it refused to credit any of his testimony except where it was corroborated by others. The evidence justifies this conclusion. Nadel's only corroborated testimony resulted in a finding by the court that "while still employed by the plaintiff company, the defendants solicited the business of the Amscan Company, Holt Howard Company and the Beth Weissman Company" for their own soon to be formed company. The court then found that "the individuals solicited were personal friends of the defendants, the solicitation was made in the period immediately prior to their departure from the plaintiff company and those three customers represented only an extremely small percentage of the plaintiff's over-all business. While the court does not condone the conduct of the defendants in this regard, it does not believe that those acts standing alone are actionable". We disagree with this conclusion. It is the general rule that an employee may solicit an employer's customers only when the employment relationship has been terminated *(Jones Co. v Burke,* 306 NY 172; *Scott & Co. v Scott,* 186 App Div 518; *Hercules Packing Corp. v Steinbruckner,* 28 AD2d 635). We have found no authority relaxing the rule for personal friendship or the imminence of the termination of the relationship. *Scott & Co. v Scott (supra,* p 524) quotes an early English case, *Nichol v Martyn* (2 Esp 732): "There is nothing morally bad, or very improper in a servant, who has it in contemplation at a future period to set up for himself, to endeavor to conciliate the regard of his master's customers, and to recommend himself to them, so as to procure some business from them as well as others". *Scott* belies this being a departure from the general rule though when it explains that this "traveling salesman on the occasion of his last trip and while still in the plaintiff's employ, informed the customers from whom he had been soliciting orders for the plaintiff that he would shortly go into the same business for himself and that *then* he would be pleased to accept their orders for himself" (italics supplied). Our attention has also been called to the holding that an employee's "negotiations looking to post employment activity need not in themselves be reprehensible" *(Inland Rubber Corp. v Triple A Tire Serv.,* 210 F Supp 880, 885) but in that action the negotiations were to obtain employment and not to obtain the business of a customer. While the three

customers solicited by the defendants during their employment with the plaintiff may have represented a small percentage of the plaintiff's business, the sales obtained were not *de minimis.* The plaintiff is entitled to recover the profits it would have realized from the accounts of these three customers *(Bruno Co. v Friedberg,* 21 AD2d 336). Concur—Lupiano, J. P., Fein, Lane, Lynch and Sandler, JJ.