■ TAPPAN WIRE & CABLE, INC., Respondent, v SOLITRON DEVICES, INC., Appellant.—In an action, *inter alia,* for restitution of moneys paid pursuant to a judgment which was subsequently reversed on appeal, the defendant appeals from so much of a judgment of the Supreme Court, Rockland County (Kelly, J.), entered January 6, 1988, as upon an order of the same court, dated October 1, 1987, granting the plaintiff's motion for partial summary judgment on so much of its first cause of action as sought the return of certain funds paid to the defendant, was in favor of the plaintiff in the amount of $31,484.28 and awarded the plaintiff reasonable attorney's fees.

Ordered that the judgment is modified, on the law, by deleting the second decretal paragraph thereof which awarded reasonable attorney's fees to the plaintiff; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The defendant, which leased a portion of certain premises to the plaintiff, commenced a proceeding to evict the plaintiff in the Justice Court of the Town of Orangetown, Rockland County, after the plaintiff declined to have extensive repairs made to the roof of the leasehold premises at its own expense. The Justice Court determined that the plaintiff was liable for said repairs and directed it to pay for them. Pending its appeal to the Appellate Term, the plaintiff remitted the cost of the work to the defendant pursuant to the mandate of the Justice Court, and the repairs were performed. Thereafter, the Appellate Term unanimously reversed the judgment of the Justice Court and dismissed the defendant's petition, concluding that the plaintiff was not responsible for the repairs under

the terms of the parties' lease. Leave to appeal to this court was subsequently denied.

After repeated attempts to recover the money previously remitted to the defendant, the plaintiff commenced the instant action to recover that money as well as punitive damages and counsel fees. The plaintiff then moved for partial summary judgment on that part of its first cause of action which was for the return of the funds used to repair the roof. The Supreme Court, Rockland County, granted the motion and also awarded partial summary judgment to the plaintiff on its second cause of action for an award of attorney's fees.

Contrary to the defendant's present contention, no material triable issues of fact were raised in opposition to the plaintiff's motion for partial summary judgment on its claim for the return of the funds paid pursuant to the judgment of the Justice Court. The order of the Appellate Term, finding that the plaintiff was not responsible for the extensive repairs involved herein, became final and binding on the parties upon the denial of the defendant's motion for leave to appeal to this court. Accordingly, the defendant was clearly obligated to return the funds to the plaintiff. The defendant's claim that factual issues exist because the Appellate Term's order did not expressly direct a return of the funds and because the plaintiff has benefited from the repairs performed to the roof is disingenuous, as these circumstances are irrelevant to the defendant's obligation to pay for those repairs.

However, the Supreme Court erred in granting partial summary judgment to the plaintiff on its second cause of action for the recovery of attorney's fees pursuant to the terms of the lease. While the court awarded this relief to the plaintiff after observing that "[the] defendant does not oppose this aspect of the motion", a review of the motion papers demonstrates that the plaintiff never sought summary judgment on its claim for counsel fees, nor did the parties address the issue in the papers submitted on the motion. The award of partial summary judgment on this issue was therefore improper. Bracken, J. P., Lawrence, Kunzeman and Kooper, JJ., concur.