OPINION OF THE COURT
Michael D. Stallman, J.
Defendant moves for an order directing repayment of money paid on a subsequently vacated default judgment.
Is restitution available by postaction motion, or does it require a new plenary action? Is the relief sought barred, either by defendant’s failure to request it when moving to vacate the original default, or by the later arbitration decision which stated that it was res judicata as to unpleaded counterclaims?
FACTS
In 1993, plaintiff sued defendant for the balance on a credit card account. Plaintiff obtained a default judgment. Defendant claims that she paid upon execution by the Marshal. After defendant moved to vacate the default, the court (per Braun, J., Mar. 20, 1995) vacated the judgment and execution on consent and permitted defendant to interpose an answer. Defendant’s order to show cause had not sought restitution of the money paid on the default judgment. Neither did the court’s order provide for restitution. Defendant answered, asserting that she was the victim of a credit card scam, and that her signature had been forged.
The action went to trial before an arbitrator under the Civil Court mandatory arbitration program for causes of action of $10,000 or less. (22 NYCRR 208.40; part 28.) The arbitrator credited defendant’s testimony and denied plaintiff’s claim. (Decision and award, July 21, 1995.) The decision also stated: "Since no counterclaim was asserted by defendant, this decision and the judgment to be entered thereon shall be res judicata as to any counterclaim that may have been pleaded.” (Id.)
*935 I
CPLR 5015 (d) provides: "Where a judgment or order is set aside or vacated, the court may direct and enforce restitution in like manner and subject to the same conditions as where a judgment is reversed or modified on appeal.”
CPLR 5015 (d) and 5523, to which it refers sub silentio, implicitly recognize that the court has the power to direct restitution in the underlying action, without the need to commence a new plenary action. (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5523:l.) The statute recognizes that a court correcting an error requires the power to grant full relief in order to restore the parties to their prior position before the error was made. Without it, reversal or vacatur would leave the winner with only a pyrrhic victory, and the loser in continued possession of erroneously gotten gains. Rather than requiring the winner to commence an entirely new action, and obtain jurisdiction yet again, the court can direct the parties already before it to do the right thing.
Moreover, the statute does not limit when the restitution must be sought. While it may be more efficient and expedient to seek both vacatur and restitution in the same motion, the failure to do so should not bar an entitled party from doing so by a later motion. (See, Siegel, NY Prac § 433 [2d ed].)
Finally, where the default judgment was vacated, on consent, in order to permit a defense on the merits, and where defendant ultimately prevailed on the merits, it would be manifestly unfair to bar defendant from recovery because she did not initially seek repayment when moving to vacate. There is no evidence of detrimental reliance on which plaintiff can assert an estoppel. There is no legal or factual basis on which plaintiff can claim a waiver. To hold otherwise would be to approve an unjust enrichment.
II
Plaintiff contends that the arbitration award bars the relief sought here. Plaintiff is incorrect.
First, the arbitrator’s statement concerning res judicata effect as to unpleaded counterclaims was dicta. Whether or not an arbitration award has claim preclusive effect on a subsequent action is a matter for the court trying the subsequent action to decide; it is not for the arbitrator to decide preemptively. (Rembrandt Indus. v Hodges Intl., 38 NY2d 502.) It was *936 premature, and beyond the arbitrator’s jurisdiction, for the arbitrator to determine the res judicata effect of his own award.
Second, an arbitrator in mandatory court arbitration has jurisdiction only over the case referred for arbitration. (22 NYCRR 208.40, 28.2.) Under 22 NYCRR 28.2 (d), the arbitrator has jurisdiction over any counterclaim for money "that has been interposed”. Thus, the arbitrator lacked jurisdiction over unpleaded counterclaims, whether or not they could have been interposed, and whether or not the arbitration would later bar them in subsequent litigation. Because no counterclaim was asserted, no counterclaim was properly before the arbitrator. Any statement about unpleaded counterclaims was beyond the scope of the arbitrator’s authority. The statement at issue is not binding on this court.
III
An arbitration can have res judicata (claim preclusion) effect so as to preclude later litigation in court or arbitration. (American Ins. Co. [Messinger], 43 NY2d 184; see, Stallman, Former Adjudication [Res Judicata and Collateral Estoppel], Weinstein-Korn-Miller, CPLR Manual § 25.04 [e] [1] [Chase rev 2d ed].) However, the arbitration at issue does not have res judicata effect over the restitution relief requested here. Indeed, res judicata is conceptually inapplicable to this motion.
In order to be barred under claim preclusion doctrine, the unasserted claim must have arisen from the same transaction as the claim in chief. The same underlying facts must form the basis for both the asserted and unasserted claims. (Matter of Reilly v Reid, 45 NY2d 24.) Here, plaintiff’s claim arose from the use of a credit card prior to the commencement of this action in 1993. Defendant’s request for restitution arose at a different time, from a completely different transaction: the entry and subsequent enforcement of the default judgment. Even though defendant could have sought restitution simultaneously with her motion to vacate the default, technically she had no right to obtain restitution until the judgment was vacated. The restitution claim is based on an entirely different nucleus of operative fact: Enforcement of an erroneous finding of liability. Even though defendant could have asserted restitution as an unrelated counterclaim in her answer, defendant was not obligated to do so. Thus, defendant’s claim is not barred here.
IV
Defendant has submitted copies of a check and receipts for postal money orders (some illegible), apparently made payable *937 to City Marshal Melvin Moses, by Lutaf Bhatia. It is not at all clear whether the check and receipts represent payments made on this judgment, or why a name other than defendant’s appears as purchaser or drawer. An assessment is needed to determine the amount of restitution, the person or persons to whom restitution should be made and the specific amounts for each.
Neither CPLR 5015 (d) nor 5523 limits the court’s power to grant restitution only to the party who prevails on the appeal or the motion to vacate. Indeed, within the context of CPLR 5015, which recognizes a court’s inherent power to grant relief on such terms as may be just to an interested person, the court is empowered to direct restitution to the person who is entitled to it. Thus, if the evidence establishes that another person paid the judgment on defendant’s behalf, the court is authorized to direct plaintiff to repay that person, whether or not that person is a party. (See also, CCA 212.)
CONCLUSION
The motion is granted; the court directs an assessment of damages.