■ HARVEY SCHILDKRAUT, Respondent, v RUTH SCHILDKRAUT, Appellant. [659 NYS2d 489] —In an action for a divorce and ancil-

lary relief, the defendant wife appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated June 20, 1996, which (1) granted the plaintiff husband's motion, *inter alia,* for a Qualified Domestic Relations Order to the extent of directing her to return to him the proceeds of his retirement account, and (2) denied her cross motion for (a) attorney's fees, (b) reimbursement of expenses associated with the sale of the marital premises, and (c) sequestration of the husband's retirement account as security for his maintenance obligation.

Ordered that the order is affirmed, with costs.

By decision and order of this Court dated January 16, 1996, a judgment of the Supreme Court, Queens County, granting the husband a divorce was reversed and his complaint was dismissed *(see, Schildkraut v Schildkraut,* 223 AD2d 585). While the appeal was pending, however, the husband transferred to the wife, under the equitable distribution portion of the divorce judgment, the proceeds of his retirement account. Following reversal of the judgment, the Supreme Court granted the husband's motion for an order directing the return of those funds. We now affirm.

Contrary to the wife's contention, the court was not without authority, due to the dismissal of the original divorce complaint, to direct the return of those funds *(see,* CPLR 5015 [d]; *Chase Manhattan Bank v Kassam,* 167 Misc 2d 933) and its determination in this regard was not erroneous *(cf., Carroll v Miller,* 213 AD2d 694).

The wife's remaining contentions are without merit. Mangano, P. J., Copertino, Florio and McGinity, JJ., concur.