■ MATTHIAS NEUMARK, Appellant, v FRANCES P. NEUMARK, Respondent. [660 NYS2d 40] —In an action brought by motion for summary judgment in lieu of complaint to recover a sum representing the difference between the sum paid by the plaintiff former husband to the defendant former wife pursuant to a judgment of divorce and the lesser sum allegedly due after the modification of the judgment on appeal, the plaintiff

appeals from an order of the Supreme Court, Westchester County (Barone, J.), entered August 2, 1995, which denied the motion.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion and substituting therefor a provision dismissing the action, with costs to the respondent.

The parties were divorced by a judgment dated October 30, 1984, which, *inter alia*, awarded the defendant a 50% interest in the plaintiff's pension benefits to the extent that such benefits accrued during the marriage. A post-judgment order of the same court, dated July 12, 1990, as amended August 14, 1990, directed, *inter alia*, that the plaintiff pay to the defendant the sum of $101,535.91 in accrued arrears, and $61,369.93 in pension benefits. On appeal, a decision and order of this Court dated January 25, 1993 (*Neumark v Neumark*, 189 AD2d 863), *inter alia*, deleted the provision which awarded the defendant $61,369.93 in pension benefits, as the Supreme Court had not reduced the amount of pension benefits due to the defendant to their then present value. The decision and order dated January 25, 1993, remitted the matter to the Supreme Court for further proceedings, including a determination of the present value of the interest in the plaintiff's pension benefits to which the defendant is entitled. While the appeal was pending, however, the defendant obtained a judgment against the plaintiff in the amount of $163,613.13. The plaintiff paid the full amount of the judgment and was issued a satisfaction of judgment.

Instead of moving for a hearing in the Supreme Court to determine such value of the pension the plaintiff moved in this Court for the return of moneys overpaid to the defendant, including the $61,369.93 awarded as an interest in his pension. By decision and order dated July 5, 1994, this Court denied the motion. The plaintiff then sought such relief in the Supreme Court in this separate action by means of a motion for summary judgment in lieu of complaint. That application was denied by the order of the Supreme Court from which the current appeal is taken.

We agree with the plaintiff's contention that he is entitled to restitution of the sums overpaid by him to his former wife. That relief, however, should be sought by means of a hearing in the Supreme Court in the original action to determine the present value of the pension benefits as directed by the appeal decision dated January 25, 1993. Thereupon the difference can be determined between the amount which has been paid by

the plaintiff for the defendant's interest in his pension benefits, and the present value of the pension benefits as of the date of the commencement of the divorce action (*see, Glasberg v Glasberg,* 162 AD2d 586; *Marcus v Marcus,* 137 AD2d 131, *revising and republishing* 135 AD2d 216), which the defendant is entitled to retain. After that calculation, an appropriate judgment directing restitution of the full amount due to the plaintiff can be issued by the Supreme Court in that action. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.