■ JOEL S. ST. MARY, Appellant, v PAUL SMITH'S COLLEGE OF ARTS AND SCIENCES, Respondent. (Appeal No. 1.) [668 NYS2d 813] —Judgment unanimously reversed on the law with costs and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in determining as a matter of law the duration of plaintiff's July 21, 1994 employment contract with defendant. "The proper inquiry in determining whether a contract is ambiguous is 'whether the agreement on its face is reasonably susceptible of more than one interpretation' (*Chimart Assocs. v Paul,* 66 NY2d 570, 573)" (*Arrow Communication Labs. v Pico Prods.,* 206 AD2d 922, 922-923). In seeking summary judgment, each party bears the burden of establishing that its construction of the employment agreement "is the only construction which can fairly be placed thereon" (*Utica Cart-*

*ing, Stor. & Contr. Co. v World Fire & Mar. Ins. Co.*, 277 App Div 483, 488, quoted in *Dowdle v Richards*, 2 AD2d 486, 489). Neither party met that burden.

The parties' contract provided that "[t]his is a two-year contract for employment, renewable annually". It further provided that, "[a]s with all administrative appointments, and in accordance with the policies of the Board of Trustees, this appointment is at the pleasure of the President". That language renders the employment contract ambiguous on the issue whether, as plaintiff contends, his employment was for a definite term of two years, or, as defendant contends, plaintiff's employment was for a term of one year, renewable annually at the pleasure of its president. Because the agreement is ambiguous and both parties submitted extrinsic evidence in support of their interpretations, summary judgment is precluded (*see, Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285, 291-293; *Levey v Leventhal & Sons*, 231 AD2d 877; *Arrow Communication Labs. v Pico Prods.*, *supra*).

Consequently, we reverse the judgment and remit the matter to Supreme Court for a trial on the issue of the duration of plaintiff's employment contract and, if necessary, a further award of damages. The court properly awarded plaintiff contract damages for the period from February 28, 1995 to August 31, 1995 in the sum of $35,538.03, plus interest from February 28, 1995. The court properly rejected the claims of plaintiff for moving expenses and damages resulting from his loss of use of a residence provided by defendant and properly denied plaintiff's motion for costs and sanctions pursuant to 22 NYCRR 130-1.1. (Appeal from Judgment of Supreme Court, Onondaga County, Buckley, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.