(October 12, 1999)

■ A & L SCIENTIFIC CORP., Respondent, v ERROL LATMORE et al., Appellants. [696 NYS2d 495] —In an action to enjoin the defendants from diverting business from the plaintiff, for an accounting, and to recover damages based on, *inter alia,* claims of breach of duty of loyalty and trust, the defendants appeal from an order of the Supreme Court, Queens County (Thomas, J.), dated March 2, 1998, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The complaint alleges, among other things, that, while he was still employed by the plaintiff, the defendant Errol Latmore secretly formed the corporate codefendant Combine Refrigeration, Inc., for the purpose of competing with the plaintiff, and that the defendants solicited the plaintiff's customers and diverted business from the plaintiff. In support of the defendants' motion for summary judgment, Latmore submitted an affidavit in which he denied having access to customer lists. However, he did not deny that he and the corporate defendant in fact competed with the plaintiff even while he was still an employee.

Under these circumstances, the defendants failed to demon-

strate the right to judgment in their favor as a matter of law. "[A]n employee may solicit an employer's customers only when the employment relationship has been terminated" (*Catalogue Serv. v Wise,* 63 AD2d 895; *Jones Co. v Burke,* 306 NY 172; *Scott & Co. v Scott,* 186 App Div 518; *Hercules Packing Corp. v Steinbruckner,* 28 AD2d 635; *see also, Barrister Reporting Serv. v Reinig,* 169 AD2d 583). The cases relied upon by the defendants recognize only that an employee may form a corporation which will later compete with his or her employer after severance of the employment relationship (*e.g., Schneider Leasing Plus v Stallone,* 172 AD2d 739). Here, however, Latmore "was not just preparing to go into his own business; he was in business for himself while drawing a salary from a trusting employer" (*Maritime Fish Prods. v World-Wide Fish Prods.,* 100 AD2d 81, 88).

Under these circumstances, we need not decide whether the Supreme Court correctly denied the defendants' motion solely on the basis that the motion was not supported by a copy of the pleadings (*see, e.g., Hamilton v City of New York,* 262 AD2d 283; *Deer Park Assocs. v Robbins Store,* 243 AD2d 443; *Lawlor v County of Nassau,* 166 AD2d 692; *cf., Stiber v Cotrone,* 153 AD2d 1006). Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.