■ SUEKO OMAHEN, Appellant, v JAMES L. OMAHEN, Respondent. [766 NYS2d 152] —Mercure, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered September 6, 2002 in Delaware County, which granted defendant's motion for restitution.

In 2001, this Court reversed a divorce judgment in plaintiff's favor, finding that "the evidence adduced at trial fell far short of establishing that [defendant's] conduct was cruel and inhuman within the meaning of Domestic Relations Law § 170 (1)," as plaintiff had alleged in her complaint (289 AD2d 890, 892 [2001], *lv denied* 97 NY2d 613 [2002]). Thereafter, defendant moved for restitution of $35,750, which was paid to plaintiff pursuant to a qualified domestic relations order (hereinafter QDRO) entered by Supreme Court in connection with the divorce judgment. Plaintiff cross-moved pursuant to Domestic Relations Law § 243 for sequestration of the money as security for child support payments ordered by Family Court and which defendant had not paid. Supreme Court determined that the QDRO became "a nullity" upon this Court's reversal of the divorce judgment and directed plaintiff to repay approximately

$36,000 to defendant within 60 days, with a judgment to be entered against her if she failed to pay. Plaintiff appeals and we now affirm.

Plaintiff argues that Supreme Court erred in refusing to conduct a hearing on the issue of the proper amount of money to be remitted to defendant. Plaintiff asserts that the recent downturn in the stock market caused her to lose some of the money, which she had placed in a mutual fund. "It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" (*People v Gruden,* 42 NY2d 214, 215 [1977]; *see generally* CPLR 2218). Here, no material factual issue was in dispute. Plaintiff received a cash payment pursuant to the QDRO and, as such, "the measure of recovery * * * is the amount of money received" (Restatement of Restitution § 150). Accordingly, Supreme Court properly decided this issue without a hearing (*see Tappan Wire & Cable v Solitron Devices,* 147 AD2d 555, 556 [1989]; *cf. Neumark v Neumark,* 240 AD2d 714, 715-716 [1997]).

We further reject plaintiff's argument that Supreme Court erred in declining to sequester the money, as plaintiff requested in her cross motion. Domestic Relations Law § 243, upon which plaintiff relies, is not applicable here, inasmuch as there is no judgment for divorce or pending action for divorce, separation or annulment (*cf. Berger-Carniol v Carniol,* 273 AD2d 427, 428 [2000]). Moreover, plaintiff failed to make the requisite showing that defendant has "either [left] or threaten[ed] to leave the state" (Family Ct Act § 457), other than for the purpose of a vacation.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.