■ MARLENE HAYE et al., Respondents, v CONRAD GREEN, Appellant, and LOUISE GREEN, Also Known as LOUISE HAYE, Respondent, et al., Defendants. [912 NYS2d 241]—

In an action, inter alia, for an accounting, the defendant Conrad Green appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), dated July 7, 2009, as denied those branches of his motion which were for summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against him, granted that branch of the plaintiffs' cross motion which was for summary judgment dismissing his counterclaims, and granted those branches of the cross motion of the defendant Louise Green, also known as

Louise Haye, which were pursuant to CPLR 3211 (a) to dismiss his first and third cross claims asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Louise Green, also known as Louise Haye, which was pursuant to CPLR 3211 (a) to dismiss the defendant Conrad Green's first cross claim asserted against her, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs payable by the defendant Conrad Green to the plaintiffs.

At issue in this case are the parties' rights to income from certain parcels of real property. In prior consolidated actions brought by the defendant Conrad Green against the defendant Louise Green, also known as Louise Haye (hereinafter Louise Haye), and Marlene Haye, the Supreme Court issued a judgment dated August 7, 2004, which determined that those properties belonged to a joint venture whose principals were Conrad Green and Louise Haye, and awarded damages payable by Louise Haye to Conrad Green. On a prior appeal, this Court modified the judgment to delete the provisions which determined that two parcels located on Bayfield Avenue and Eastern Parkway, respectively (hereinafter the Bayfield and Eastern properties), belonged to the joint venture, on the ground that Conrad Green's causes of action with respect to those properties were previously dismissed by order dated March 7, 1996, which determined that those properties were owned by Marlene Haye (see Green v Green, 32 AD3d 898, 899-900 [2006]). This Court also directed a new inquest and determination on the issue of damages (id.).

Thereafter, pursuant to a stipulation of settlement entered into in open court on July 31, 2007, between Conrad Green and Louise Haye, the parcels owned by the joint venture were distributed to Conrad Green and Louise Hay individually, subject to existing mortgages and liens. The stipulation further provided that the joint venture would transfer the Bayfield and Eastern properties back to Marlene Haye, who was not a party to the stipulation.

On August 22, 2008, the plaintiffs commenced the instant action, claiming, inter alia, that they were entitled to an accounting with respect to the Bayfield and Eastern properties for the period from March 2005 through September 2006, when title to those properties was held by the joint venture pursuant to provisions of the judgment dated August 7, 2004.

Conrad Green asserted counterclaims seeking, inter alia, to recover damages with respect to certain properties owned by

the joint venture prior to the stipulation dated July 31, 2007. He cross-claimed against the defendant Louise Haye, alleging, among other things, that she was 50% liable for any obligation of the joint venture to Marlene Haye with respect to the Bayfield and Eastern properties.

After issue was joined, Conrad Green moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, the plaintiffs cross-moved, among other things, for summary judgment dismissing Conrad Green's counterclaims asserted against them, and Louise Haye cross-moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the cross claims asserted against her by Conrad Green. In the order appealed from, the Supreme Court, inter alia, denied summary judgment to Conrad Green dismissing the first through fourth causes of action insofar as asserted against him, awarded summary judgment to the plaintiffs dismissing the counterclaims asserted against them by Conrad Green, and dismissed the first and third cross claims asserted by Conrad Green against Louise Haye.

The plaintiffs' first through fourth causes of action pertain to the Bayfield and Eastern properties, which were never owned by the joint venture. Those causes of action arose in March 2005, when Marlene Haye was erroneously required to turn over those properties to the joint venture, pursuant to provisions of the judgment dated August 7, 2004. The obligations alleged in the first through fourth causes of action are obligations allegedly owed by the joint venture, which held the properties for 19 months, to Marlene Haye, their rightful owner. These alleged obligations were not resolved by the stipulation of settlement. A party may seek restitution of funds paid pursuant to a judgment set aside on appeal (*see Tappan Wire & Cable v Solitron Devices*, 147 AD2d 555, 556 [1989]). Accordingly, those branches of Conrad Green's motion which were for summary judgment dismissing the plaintiffs' first through fourth causes of action insofar as asserted against him were properly denied.

The plaintiffs acknowledge that the obligations alleged in the first through fourth causes of action are obligations of the joint venture, which is named as a party to the instant action. As a member of the joint venture, Conrad Green would be personally liable for those alleged obligations, since a general partner is liable for the obligations of the partnership (*see Gramercy Equities Corp. v Dumont*, 72 NY2d 560, 565 [1988]). However, since those alleged obligations would be obligations of the joint venture, Louise Haye would also be liable. The stipulation of settlement settled all existing claims relating to distribution of property owned by the joint venture. However, the stipulation

contained no general release releasing Louise Haye from future liability for indemnification or contribution for obligations thereafter asserted. Accordingly, that branch of Louise Haye's cross motion which was to dismiss the first cross claim asserted against her by Conrad Green should have been denied.

The first through sixth counterclaims and the third cross claim asserted by Conrad Green were properly dismissed on the ground that they dealt with causes of action accruing prior to the stipulation of settlement relating to properties owned by the joint venture. The stipulation of settlement settled all existing claims relating to distribution of property and obligations of the joint venture to Conrad Green.

The seventh counterclaim asserted by Conrad Green was properly dismissed on the merits. The plaintiffs established their prima facie entitlement to judgment as a matter of law with respect to that counterclaim, and Conrad Green failed to raise a triable issue of fact in opposition.

The parties' remaining contentions are without merit. Rivera, J.P., Angiolillo, Roman and Sgroi, JJ., concur.