■ NEEMA GAISI, Plaintiff, v ABDORABAH M. GAISI, Respondent. MARK HUS, Nonparty Appellant. [968 NYS2d 902]—

In an action for a divorce and ancillary relief, nonparty Mark Hus appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Neary, J.), entered March 22, 2011, which granted the motion of the defendant Abdorabah M. Gaisi pursuant to CPLR 5015 (d) and 5523 for restitution of money paid to satisfy a judgment, and is in favor of the defendant Abdorabah M. Gaisi and against him in the principal sum of $9,240.

Ordered that the order and judgment is affirmed, without costs or disbursements.

In an order entered June 26, 2006, the Supreme Court granted the motion of Mark Hus, an attorney, for an award of an attorney's fee in the sum of $9,240 for his representation of an entity named Kirk Properties, Ltd. (hereinafter Kirk Properties), in recovering a commission pursuant to a brokerage agreement between Kirk Properties and the defendant Abdorabah M. Gaisi. The order stated: "The herein ordered counsel fees shall be *paid to counsel*" (emphasis added). After the Supreme Court issued its order, Hus was given a check made payable to him in the sum of $9,240. This Court subsequently reversed the order entered June 26, 2006, and denied Hus's motion for an award of an attorney's fee in the sum of $9,240 (*see Gaisi v Gaisi*, 48 AD3d 744 [2008]).

After attempting, unsuccessfully, to compel Hus to voluntarily return the $9,240, the defendant moved pursuant to CPLR 5015 (d) and 5523 for restitution from Hus in the amount of $9,240. Hus opposed the motion, arguing, inter alia, that he had turned the $9,240 he had received over to the principal of Kirk Properties. The Supreme Court granted the defendant's motion for restitution and entered an order and judgment in favor of the defendant and against Hus in the principal sum of $9,240.

"A party may seek restitution of funds paid pursuant to a[n order] set aside on appeal" (*Haye v Green*, 78 AD3d 892, 894 [2010]; *see* CPLR 5015 [d]; 5523; *Tappan Wire & Cable v Solitron Devices*, 147 AD2d 555, 556 [1989]). CPLR 5015 (d) "empowers a court that has set aside a judgment or order to restore the parties to the position they were in prior to its rendition, consistent with the court's general equitable powers" (10-5015 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 5015.18). "The determination whether to award restitution is within the discretion of the trial court" (*Dinizio & Cook, Inc. v Duck Cr. Mar. at Three Mile Harbor, Ltd.*, 32 AD3d 989, 990 [2006]; *see Gagen v Kipany Prods.*, 6 AD3d 963, 965 [2004]).

Here, the order granting Hus's motion for an award of an attorney's fee directed that the fee be paid directly to Hus, and

Hus was given a check that was made payable to him. Under these particular circumstances, the Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 5015 (d) and 5523 for restitution from Hus in the amount of $9,240 (*see* CPLR 5015 [d]; 5523; *see generally Gagen v Kipany Prods.*, 6 AD3d at 965; *compare Horvath v Grid Realty Corp.*, 64 AD2d 691 [1978]). Balkin, J.P., Leventhal, Cohen and Miller, JJ., concur.