# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**878**

**CA 13-01525**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

GAIL A. ANDERSON, NOW KNOWN AS GAIL A. HALIM,
ALSO KNOWN AS GAIL A. DECKER,
PLAINTIFF-RESPONDENT,

V                                        MEMORANDUM AND ORDER

JOSEPH M. ANDERSON, DEFENDANT-APPELLANT.

---

CONNORS & VILARDO, LLP, BUFFALO (LAWRENCE J. VILARDO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

HISCOCK & BARCLAY, LLP, BUFFALO (JOSEPH M. FINNERTY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank
Caruso, J.), entered July 12, 2013 in a divorce action. The order,
insofar as appealed from, denied that part of the motion of defendant
seeking to terminate consultation fees payable to plaintiff.

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs and that part of the
motion seeking to terminate the consultation fees is granted.

Memorandum: Defendant former husband appeals from an order that
denied his request to terminate the consultation fees that were being
paid to plaintiff former wife pursuant to a provision of the parties'
Separation and Property Settlement Agreement (Agreement), which had
been incorporated but not merged into their judgment of divorce.
According to defendant, the provision created an employment
relationship, permitting defendant to terminate the payments for good
cause. We agree.

The consultation fee provision is found in the "Support" section
of the Agreement and is entitled, "Additional Support." According to
the terms of the provision, if defendant's maintenance obligation to
plaintiff terminates because of, inter alia, her remarriage, defendant
will cause his business "to employ [plaintiff] as a consultant" for a
certain weekly salary. The terms of the provision further provide
that such "employment" shall continue until defendant's child support
obligations under the Agreement terminate. Although the Agreement
does not require plaintiff "to work any particular number of hours,"
it requires her to "be available at reasonable times and from time to
time to consult, as needed by [defendant], with respect to [his]
various business interests."

After plaintiff opened a competing business, defendant moved by order to show cause, inter alia, to terminate the consultation fees on the ground that plaintiff, as his employee, had breached her duty of loyalty. Supreme Court denied the motion, concluding in relevant part that "the employment provision is not a contract for employment, but rather . . . is a support provision which allow[ed] the defendant's business to make payments to plaintiff instead of the defendant himself." We conclude, however, that the provision constitutes an employment contract, thereby permitting defendant to terminate the payments upon plaintiff's breach of her duty of loyalty to him as her employer (*see Western Elec. Co. v Brenner*, 41 NY2d 291, 295), and we therefore reverse.

It is well established that a separation agreement that is incorporated but not merged into a judgment of divorce "is a contract subject to the principles of contract construction and interpretation" (*Matter of Meccico v Meccico*, 76 NY2d 822, 823-824, *rearg denied* 76 NY2d 889; *see Rainbow v Swisher*, 72 NY2d 106, 109; *Gurbacki v Gurbacki*, 270 AD2d 807, 807), and "a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*Greenfield v Philles Records*, 98 NY2d 562, 569; *see Thompson v McQueeney*, 56 AD3d 1254, 1257). By entering into the Agreement, defendant agreed to employ plaintiff in the event his maintenance obligation terminated during the period of time in which he was still obligated to pay child support. Inasmuch as the language of the Agreement is clear and unambiguous on its face, "the intent of the parties must be gleaned from within the four corners of the instrument, and not from extrinsic evidence" (*Rainbow*, 72 NY2d at 109; *see Von Buren v Von Buren*, 252 AD2d 950, 950).

While we agree with plaintiff and the court that the clear and unambiguous intent of the Agreement was to provide a substitute source of monetary support for plaintiff after defendant's maintenance obligation terminated, we conclude that the *reason* defendant agreed to employ plaintiff does not change the fact that the Agreement established an employment relationship with corresponding rights and obligations for both parties.

As we have previously stated, "[a]n employee may not compete with his [or her] employer's business during the time of his [or her] employment" (*Hercules Packing Corp. v Steinbruckner*, 28 AD2d 635, 635, *appeal dismissed* 20 NY2d 757; *see Bon Temps Agency v Greenfield*, 184 AD2d 280, 281, *lv dismissed* 81 NY2d 759; *Maritime Fish Prods. v World-Wide Fish Prods.*, 100 AD2d 81, 88, *appeal dismissed* 63 NY2d 675). When plaintiff opened a business in direct competition with defendant's business, plaintiff breached her duty of loyalty to her employer (*see Western Elec. Co.*, 41 NY2d at 295), thereby permitting defendant to terminate the consultation fees and the employment relationship.

To the extent that plaintiff contends that defendant's delay in seeking her termination constitutes a waiver of his right to seek her termination, we note that the Agreement specifically provides that a party's failure to seek strict performance of the Agreement or to

exercise any option thereunder will not be construed as a waiver of the right to do so at a later date.