# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**730**
**CA 14-01011**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

CHRISTOPHER J. COLELLA, PLAINTIFF-APPELLANT

V                                         MEMORANDUM AND ORDER

JAMIE L. COLELLA, DEFENDANT-RESPONDENT.

---

SAMUEL P. GIACONA, AUBURN, FOR PLAINTIFF-APPELLANT.

RALPH G. DEMASI, SYRACUSE, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Elma A. Bellini, J.), entered March 14, 2014 in a divorce action. The order denied the motion of plaintiff seeking an order directing defendant to pay him half of the money defendant saved on her income taxes since 2008 as a result of receiving child tax credits for their two children.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Supreme Court, Cayuga County, for further proceedings in accordance with the following memorandum: In this postjudgment matrimonial proceeding, plaintiff moved for an order directing defendant, his ex-wife, to pay him half of the money she saved on her income taxes since 2008 as a result of receiving child tax credits for their two children. According to plaintiff, he was entitled to share equally in the child tax credits pursuant to Article XIX (E) of the parties' separation agreement, which was incorporated but not merged into the judgment of divorce. Following a limited fact-finding hearing, Supreme Court denied plaintiff's motion, finding that, under the unambiguous terms of the separation agreement, plaintiff is not entitled to share in the child tax credits. We conclude that the disputed provision is ambiguous, and we therefore reverse the order and remit the matter to Supreme Court for a hearing to determine the parties' intent with respect thereto.

It is well settled that "[t]he fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent . . . [, and t]he best evidence of what the parties . . . intend is what they say in their writing" (*Greenfield v Philles Records*, 98 NY2d 562, 569 [internal quotation marks omitted]). "[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (*id.; see Hall v Paez*, 77 AD3d 620, 621). Therefore, courts may consider extrinsic or parol evidence of the parties' intent only if

the contract is ambiguous (*see Boster-Burton v Burton*, 73 AD3d 671, 673).  In determining whether a contract is ambiguous, a court considers whether the contract "on its face is reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573; *see St. Mary v Paul Smith's Coll. of Arts & Sciences*, 247 AD2d 859, 859).

Here, Article XIX (E) of the separation agreement reads: "Commencing with the 2008 tax year the Wife shall share with the Husband fifty percent of any child tax credit, or any such similar tax credit not based upon income or payments that the [W]ife may have made by or on behalf of a child, that she may receive relating to the filing of her federal and state income tax returns after 2008.  The Wife shall also share with the Husband fifty percent of any future economic stimulus or any similar such payment she may receive as a result of her claiming the children on her federal income tax return."

The court concluded that the above provision unambiguously provides that plaintiff is not entitled to share in any child tax credits where the amount of such credit is based on defendant's income.  Because it was unclear from the motion papers whether the child tax credits received by defendant were based on her income, the court conducted a hearing on that limited issue.  The court rejected plaintiff's contention that the provision itself was ambiguous, and therefore precluded him from offering evidence regarding the parties' intent with respect to the provision.  At the hearing, plaintiff's expert witness, a certified public accountant, acknowledged that, under the federal tax code, the amount of a child tax credit depends upon the income of the recipient taxpayer.  The court therefore denied plaintiff's motion.

We agree with plaintiff that Article XIX (E) of the separation agreement is ambiguous because it is reasonably susceptible of more than one interpretation.  Given the placement of the comma in the first sentence, one could reasonably interpret the provision as allowing plaintiff to share equally in the child tax credit regardless of whether it is based on defendant's income, and also share equally in "any such similar tax credits"—such as those for child care expenses—that are not based on defendant's income or payments she made on behalf of the children.  The provision could also reasonably be interpreted as allowing plaintiff to share in any tax credits received by defendant except those that are based on money, i.e., "income or payments," she expended on behalf of the children.

In fact, plaintiff's interpretation appears more reasonable than that proffered by defendant, pursuant to which plaintiff is not entitled to share in the child tax credits because they are based on defendant's income.  The amount of basic child tax credit is, indeed, always dependent on the income of the person claiming the credit. Thus, pursuant to the court's interpretation of the provision, plaintiff would never share in the child tax credit and, if that were the case, there would have been no need for the first phrase of the first sentence, i.e., "Commencing with the 2008 tax year the Wife shall share with the Husband fifty percent of any child tax credit."

We also note that defendant's own attorney, in a letter sent to opposing counsel approximately two years before this proceeding was commenced, acknowledged that plaintiff was entitled to share in the child tax credits.  Although defendant later disavowed that apparent concession, the fact that defendant's attorney, who represented her in the divorce, thought that plaintiff was entitled to half of the child tax credits tends to show that plaintiff's interpretation of the separation agreement is not unreasonable.