■ GAIL A. ANDERSON, Now Known as GAIL A. HALIM, Also Known as GAIL A. DECKER, Respondent, v JOSEPH M. ANDERSON, Appellant. [44 NYS3d 296]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered May 20, 2015. The order denied the motion of defendant seeking restitution of payments made to plaintiff.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the matter is remitted to Supreme Court, Niagara County, to calculate the amount of restitution.

Memorandum: In a prior appeal, we reversed the order that denied defendant's request to terminate his obligation to pay plaintiff consultation fees as provided for in the separation and property settlement agreement (agreement), which was incorporated but not merged into the judgment of divorce. Our rationale for granting that part of defendant's motion seeking termination of the consultation fees was that "plaintiff [had] breached her duty of loyalty to [defendant as] her employer" by

operating a business that was in direct competition with defendant's business (*Anderson v Anderson*, 120 AD3d 1559, 1561 [2014]). Thereafter, defendant sought restitution of the payments he had previously made pursuant to the order that was reversed on appeal (*see* CPLR 5015 [d]; 5523). We conclude that Supreme Court improvidently exercised its discretion in denying defendant's motion seeking such restitution, and we therefore reverse. Because the order directing defendant to reinstate the consultation fees pursuant to the agreement and to pay arrears for unpaid fees was reversed on appeal, defendant was entitled to seek restitution of those amounts that he had paid pursuant to the order (*see Gaisi v Gaisi*, 108 AD3d 687, 688 [2013]; *see generally Schildkraut v Schildkraut*, 240 AD2d 649, 650 [1997]). We conclude that the court should have "restore[d] the parties to the position they were in" prior to issuance of the order (*Gaisi*, 108 AD3d at 688), inasmuch as plaintiff was not entitled to consultation fees after her employment was terminated for competing with defendant's business.

We reject plaintiff's contention that the consultation fees made pursuant to the agreement constituted maintenance. Although the parties agreed that defendant would provide "a substitute source of monetary support for plaintiff after defendant's maintenance obligation terminated, . . . the *reason* defendant agreed to employ plaintiff does not change the fact that the agreement established an employment relationship with corresponding rights and obligations for both parties" (*Anderson*, 120 AD3d at 1560). Even assuming, arguendo, that the payments constituted maintenance for plaintiff, we conclude that recoupment is appropriate under the circumstances presented here (*see Stimmel v Stimmel*, 163 AD2d 381, 383 [1990]; *see generally Johnson v Chapin*, 12 NY3d 461, 466 [2009]). Present—Smith, J.P., DeJoseph, Curran and Scudder, JJ.