# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1128**
**CA 16-00402**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

GAIL A. ANDERSON, NOW KNOWN AS GAIL A. HALIM,
ALSO KNOWN AS GAIL A. DECKER,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSEPH M. ANDERSON, DEFENDANT-APPELLANT.

---

CONNORS LLP, BUFFALO (CHRISTINA L. SACCOCIO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

BARCLAY DAMON, LLP, BUFFALO (JOSEPH M. FINNERTY OF COUNSEL), AND
REBECCA H. BARITOT, FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank
Caruso, J.), entered May 20, 2015. The order denied the motion of
defendant seeking restitution of payments made to plaintiff.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the matter is remitted to Supreme Court, Niagara County, to
calculate the amount of restitution.

Memorandum: In a prior appeal, we reversed the order that denied
defendant's request to terminate his obligation to pay plaintiff
consultation fees as provided for in the separation and property
settlement agreement (agreement), which was incorporated but not
merged into the judgment of divorce. Our rationale for granting that
part of defendant's motion seeking termination of the consultation
fees was that "plaintiff [had] breached her duty of loyalty to
[defendant as] her employer" by operating a business that was in
direct competition with defendant's business (*Anderson v Anderson*, 120
AD3d 1559, 1561). Thereafter, defendant sought restitution of the
payments he had previously made pursuant to the order that was
reversed on appeal (*see* CPLR 5015 [d]; 5523). We conclude that
Supreme Court improvidently exercised its discretion in denying
defendant's motion seeking such restitution, and we therefore reverse.
Because the order directing defendant to reinstate the consultation
fees pursuant to the agreement and to pay arrears for unpaid fees was
reversed on appeal, defendant was entitled to seek restitution of
those amounts that he had paid pursuant to the order (*see Gaisi v
Gaisi*, 108 AD3d 687, 688; *see generally Schildkraut v Schildkraut*, 240
AD2d 649, 650). We conclude that the court should have "restore[d]
the parties to the position they were in" prior to issuance of the

order (*Gaisi*, 108 AD3d at 688), inasmuch as plaintiff was not entitled to consultation fees after her employment was terminated for competing with defendant's business.

We reject plaintiff's contention that the consultation fees made pursuant to the agreement constituted maintenance. Although the parties agreed that defendant would provide "a substitute source of monetary support for plaintiff after defendant's maintenance obligation terminated, . . . the *reason* defendant agreed to employ plaintiff does not change the fact that the agreement established an employment relationship with corresponding rights and obligations for both parties" (*Anderson*, 120 AD3d at 1560). Even assuming, arguendo, that the payments constituted maintenance for plaintiff, we conclude that recoupment is appropriate under the circumstances presented here (*see Stimmel v Stimmel*, 163 AD2d 381, 383; *see generally Johnson v Chapin*, 12 NY3d 461, 466).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court