# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

354
CA 16-01626
PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND NEMOYER, JJ.

---

JOSEPH W. ROCHE, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

KATHLEEN LORENZO-ROCHE, DEFENDANT-RESPONDENT.

---

BRENON LIPMAN & ZARCONE, LLP, WILLIAMSVILLE (KELLY V. ZARCONE OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SPADAFORA & VERRASTRO, LLP, BUFFALO (KATIE M. POLEON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered May 25, 2016. The order, among other things, granted defendant's motion and adjudged that defendant is entitled to the entry of a Domestic Relations Order awarding her the right to receive $833 per month from plaintiff's New York State Teachers Retirement System pension benefit commencing as of the date of his retirement.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: In this postdivorce dispute, plaintiff husband appeals from an order granting the motion of defendant wife, by which she sought a Domestic Relations Order (DRO) entitling her to receive $833 from plaintiff's monthly pension benefit retroactive to the date of his retirement, and awarding her $750 in counsel fees. The order also denied plaintiff's cross motion, in which plaintiff sought a DRO precluding defendant from receiving any share of the pension until plaintiff had attained the age of 67, and also sought an award of counsel fees.

We conclude that Supreme Court erred in granting the motion, and we modify the order accordingly. It is well established that a separation agreement that is incorporated but not merged into a judgment of divorce "is a contract subject to the principles of contract construction and interpretation" (*Matter of Meccico v Meccico*, 76 NY2d 822, 823-824, *rearg denied* 76 NY2d 889; *see Anderson v Anderson*, 120 AD3d 1559, 1560, *lv denied* 24 NY3d 913). Where such an agreement is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument and not from extrinsic evidence (*see Meccico*, 76 NY2d at 824; *see also*

*W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162), and the agreement in that instance " 'must be enforced according to the plain meaning of its terms' " (*Anderson*, 120 AD3d at 1560, quoting *Greenfield v Philles Records*, 98 NY2d 562, 569).  Where an agreement is ambiguous, however, the parties may submit to the court extrinsic evidence in support of their respective interpretations (*see Colella v Colella*, 129 AD3d 1650, 1651; *see also St. Mary v Paul Smith's Coll. of Arts & Sciences*, 247 AD2d 859, 860).  Whether an agreement is ambiguous is a question of law for the court to resolve (*see Kass v Kass*, 91 NY2d 554, 566; *W.W.W. Assoc.*, 77 NY2d at 162).  In making that determination, the proper inquiry is "whether the agreement on its face is reasonably susceptible of more than one interpretation" (*Chimart Assoc. v Paul*, 66 NY2d 570, 573).  Moreover, in deciding whether an agreement is ambiguous, the court " 'should examine the entire contract and consider the relation of the parties and the circumstances under which it was executed' " (*Kass*, 91 NY2d at 566).

We conclude that the pertinent provision of the parties' modification agreement is ambiguous inasmuch as it is reasonably susceptible of more than one interpretation (*see Colella*, 129 AD3d at 1651; *Walker v Walker*, 42 AD3d 928, 928-929, *lv dismissed* 9 NY3d 947; *see also St. Mary*, 247 AD2d at 859).  We conclude that a hearing is required to enable the court to determine the intent of the parties with respect to the date on which defendant was or is to begin receiving her share of plaintiff's pension, and we remit the matter to Supreme Court for such a hearing (*see Colella*, 129 AD3d at 1651; *Walker*, 42 AD3d at 929; *Gentile v Gentile*, 31 AD3d 1158, 1159).

Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court