Burrstone Energy Ctr., LLC v Faxton-St. Luke's Healthcare (2018 NY Slip Op 04182)





Burrstone Energy Ctr., LLC v Faxton-St. Luke's Healthcare


2018 NY Slip Op 04182


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, TROUTMAN, AND WINSLOW, JJ.


655 CA 18-00006

[*1]BURRSTONE ENERGY CENTER, LLC, PLAINTIFF-APPELLANT-RESPONDENT,
v
FAXTON-ST. LUKE'S HEALTHCARE, DEFENDANT-RESPONDENT-APPELLANT. 






HINCKLEY, ALLEN & SNYDER LLP, ALBANY (JAMES J. BARRIERE OF COUNSEL), FOR PLAINTIFF-APPELLANT-RESPONDENT. 
BOND, SCHOENECK & KING, PLLC, ALBANY (STUART F. KLEIN OF COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered August 15, 2017. The order denied plaintiff's motion for partial summary judgment on its fifth cause of action and denied defendant's cross motion for partial summary judgment on that cause of action. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The parties entered into an "Energy Services Agreement" (Agreement) pursuant to which plaintiff would finance and construct a combined heat and power facility (CHPF) on defendant's property in exchange for defendant's promise to purchase all of its thermal energy requirements from plaintiff unless, "when operating at full capacity, the CHPF [did] not produce sufficient Thermal Energy to meet all [of defendant's energy] requirements." In the event that the CHPF did not produce sufficient Thermal Energy, defendant would be permitted to use its own boilers "to supplement the production and delivery of Thermal Energy so as to meet the one hundred percent (100%) Thermal Energy requirement." Several years after the CHPF began operating, plaintiff commenced the instant action for breach of contract and judgment declaring that defendant is obligated under the Agreement to purchase 100% of its thermal energy requirements from plaintiff. Plaintiff moved for partial summary judgment on its fifth cause of action, seeking a declaration, and defendant cross-moved for partial summary judgment on that cause of action. Supreme Court denied the motion and cross motion, and we affirm.
Initially, we agree with plaintiff that the court erred in determining that it was precluded from issuing a declaration. The mere existence of another adequate remedy does not preclude a court from issuing a declaration (see Matter of Morgenthau v Erlbaum, 59 NY2d 143, 148 [1983], cert denied 464 US 993 [1983]; County of Monroe v Clough Harbour & Assoc., LLP, 154 AD3d 1281, 1282 [4th Dept 2017]; see generally CPLR 3001). Where, as here, the parties have differing interpretations of their obligations under a contract and the contract does not "delineate[] the agreed procedure to be followed for resolving disputes arising [between the parties]" (Kalisch-Jarcho, Inc. v City of New York, 72 NY2d 727, 732 [1988]), a cause of action for declaratory relief "may be an appropriate vehicle for settling justiciable disputes as to contract rights and obligations" (id. at 731).
We nonetheless conclude that the court properly denied the motion and cross motion because the parties' Agreement is not clear and unambiguous (see generally MHR Capital Partners LP v Presstek, Inc., 12 NY3d 640, 645 [2009]; Colella v Colella, 129 AD3d 1650, 1651 [4th Dept 2015]). The Agreement provides that "[t]he Parties acknowledge and understand that [*2]when operating at full capacity, the CHPF may nevertheless not produce sufficient Thermal Energy to meet all requirements." That provision may be interpreted, as plaintiff contends, as requiring defendant to purchase all of the thermal energy produced by the CHPF, regardless of whether defendant can distribute that energy. The provision also may be interpreted, as defendant contends, as permitting defendant to use its own boilers when the CHPF is incapable of meeting 100% of its thermal energy requirements, which is often because defendant's thermal energy distribution system cannot accommodate all forms of thermal energy produced by the CHPF. Inasmuch as it is not clear whether the parties were aware of the limitations of defendant's hot water thermal energy distribution capabilities when they entered the Agreement "for the sale [from plaintiff] to [defendant] of all the [hospital's] . . . Thermal Energy requirements," both the motion and cross motion were properly denied.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court